THE STATE EX REL. WEBER, Appellant, vs. BOARD OF TRUSTEES OF THE POLICEMEN'S PENSION FUND FOR THE CITY OF MILWAUKEE, Respondent.

*October 21—November 15, 1904.*

*Municipal corporations: Police force: Pension fund: Right to participate: Disability and subsequent discharge of applicant.*

Ch. 265, Laws of 1899, providing for the creation of a pension fund for policemen in cities of the first class, declares, among other things, it is for the benefit of disabled and superannuated members of the police department, etc.; that if any member of

the police department shall, while engaged in the performance of his duty, be injured and found upon examination to be physically or mentally permanently disabled by reason of service, the governing board· of the pension fund, after examination and report of a medical officer, ordered by such board, shall retire such disabled member from service; that the act shall apply to present and future members of the police force; that the act is amendatory of the charter of all cities of the first class; that any provision in any such charter in conflict therewith is superseded, and that any other provisions of any act or law in force or effect, so far as they conflict with the provision of that act, are repealed.    Relator, while a member of the police force of a city of the first class, by loss of one foot, was injured so as to incapacitate him for active service, and, pending application for retirement and pension, was discharged from the force.    *Held:*

(1) The governing board of the pension fund cannot enter the final order of retirement unless the candidate is *in præsenti* a policeman.                                                                         .

. (2) The right to a pension is not vested at the time of the disablement, subject to the report of the examining physician, so as to suspend the authority of dismissal for cause.

(3) The act applies to one who was a policeman when the act took effect, or thereafter became such, but conditioned upon his satisfying the calls of eligibility at the time when the retiring board is required to act.

(4) The act has no reference to those provisions of the city charter regarding the organization and management of the police force, which are subjects entirely foreign to the pension law.

APPEAL from a judgment of the superior court of Milwaukee county: J: C. LUDWIG, Judge. *Affirmed.*

· *Mandamus* action to compel defendant to appoint a physician to examine the petitioner as to his eligibility for the retired list of policemen of the city of Milwaukee, with the right to participate in the policemen's pension fund, under ch. 265, Laws of 1899, and to report his conclusions to the board of trustees of such fund.

The petition was, in the main, to this effect: The relator, January 2, 1890, became a member of the police force of the city of Milwaukee.    He remained such till the commence-

ment of this proceeding, unless it be otherwise because of circumstances hereafter mentioned. He contributed to the policemen's pension fund, as required by law, from 1899 until May 1, 1902, when his name was stricken from the payroll of the department. May 27, 1901, while attempting to board a street car to go from his beat to his home, he was permanently injured by losing his left foot, whereby it was rendered necessary that he should be retired from the police force. January 17, 1902, as a patrolman, he filed his petition with the trustees of the policemen's pension fund for due proceedings to be taken for his retirement, with the right to participate in the pension fund under ch. 265, Laws of 1899. December 3, 1903, such application was denied upon the ground, that prior thereto he was duly discharged from the police force. After he recovered from his injury so as to report for duty, he did so and was thereupon informed by the chief of police that in his crippled condition he could not be used. Shortly thereafter he learned, incidentally, that it was claimed that he had been discharged for being intoxicated while on duty. The charge made against him in that regard was groundless.

The return to the alternative writ was in part to this effect: September 20, 1901, a lieutenant of the police force of the city of Milwaukee presented to the chief of police, in writing, formal charges against the petitioner, to the effect that he was intoxicated when injured, accompanying the charges with a recommendation that a hearing should be granted him, at a place and time specified. Pursuant to such recommendation such hearing was duly had before the chief of police at his office, four members of the board of police commissioners being present. He appeared at such hearing in person and by attorney. Witnesses were produced, sworn, examined and cross-examined on both sides of the controversy. At the close of the testimony the matter was taken under advisement by the chief of police. On May 1st thereafter the petitioner

was duly found guilty of the charges against him and for that reason by order of the chief of police he was discharged from the force. He has not since been reinstated. By reason of his discharge he was not entitled to be recognized by the pension board as eligible, under any circumstances, to a place on the pension roll.

To such return the relator answered, among other things, that at the hearing mentioned therein he was informed by the chief of police that he was permitted to be present at the hearing as a matter of favor only; that the chief acted without consulting his associates, who were believed to entertain opinions contrary to the conclusion reached by him.

Upon the petition, alternative writ thereto and answer to such return, a motion was made to quash such writ, which was granted. Judgment was rendered accordingly, dismissing the procedings with costs, and the relator appealed.

*John Toohey* and *Julius E. Roehr,* for the appellant.

For the respondent the cause was submitted on the brief of *Hoyt, Doe, Umbreit & Olwell.*

MARSHALL, J. The rights of appellant are ruled by chapter 265, Laws of 1899, providing for the creation and administration of a pension fund in such cities as Milwaukee, and sec. 9 of the amendment to the charter of such city [ch. 378, Laws of 1885], regarding the power of the chief of police therein to discharge members of its police force.

The first section of such pension law provides that it is for the benefit of "disabled and superannuated members of the police department and the widows and orphans of deceased members thereof." That unmistakably suggests at the outset a legislative idea that only members of the police department should be eligible to be placed on the pension roll. That is in harmony with sec. 8 of the law, which provides that "if any member of the police department shall, while engaged in the performance of his duty as such policeman, be

injured and found, upon examination by a medical officer, ordered by the said board [the governing board of the pension fund], to be physically or mentally permanently disabled by reason of service in such department, so as to render necessary his retirement from service in such department, such board shall retire such disabled member from service." There again it will be observed, only members of the police force are eligible to retirement to the pension list. The use of the word "retire" implies, necessarily, that a candidate for retirement to be eligible therefor must be so circumstanced at the time of favorable action upon his application that he can be retired, that he can be taken from the pay roll of the department and put on the pension roll.

True, the language of sec. 8 is to the effect that a policeman *"injured while in service and found,"* in the manner provided for, to be unfit for active service shall be placed on the retired list by the governing board of the pension fund. But viewing the section as a whole, it seems very plain that it contemplates that only members of the police force are eligible to retirement. The last part of the section "shall retire such disabled members" unmistakably indicates, as does the whole scope of the law, that the pension board are not expected to enter the final order of retirement unless the candidate is *in præsenti* a policeman.

Counsel for appellant suggest that if the foregoing construction of the law be the correct one the right to a pension should be deemed vested at the time the disablement of the policeman occurs, subject to the report of the examining physician, upon which the trustees of the pension fund are required to act, and that such vested right suspends the authority of the chief of police to dismiss its possessor, notwithstanding the general power granted to him in respect to dismissals from the force. Counsel argue that otherwise it would be within the power of the chief in any case to nullify the pension law as to one whom he desired to keep from the pen-

sion list. That at the first impression appeared plausible, but after a caref.. consideration thereof it seems unsound. Doubtless the legislative idea in lodging with the chief of police supreme disciplinary authority over the force under his charge was to impliedly bind him to administer it with discretion. It would be highly unreasonable, it seems, to hold that the jurisdiction of the chief is by mere implication ousted by the circumstance that otherwise an unfaithful member of the police force might lose his opportunity to participate in the benefits of the pension fund. Probably, if it were shown, clearly, in any case that the chief abused his discretion, his act would be held void for jurisdictional error and so not efficient to interfere with the subject thereof being eligible for a pension. But nothing of that kind is shown in this case.

We have not overlooked counsel's reference to secs. 11 and 17 of the pension law. The former provides that the act shall apply to present and future members of the police force of any city of the first class. That cannot be held to make every person who at the time of the passage of the law was, or who became thereafter, a member of the police force of such city necessarily eligible to a pension. Otherwise one might be so eligible years after his connection with the police department was terminated. True, the meaning of such section is that any one who was a policeman when the act was passed, or thereafter became such, may be eligible for a place on the pension roll, but conditioned upon his satisfying the calls for eligibility at the time when the retiring board is required to act, one of such calls being, as before indicated, for present membership on the force.

Sec. 17, referred to, was intended to make all the provisions of the city charter, on the subject of pensioning policemen, harmonize with the new system. It has no reference to those provisions of the charter regarding the organization and management of the police force. That is a subject entirely foreign to the pension law.

State ex rel. Weber v. Trustees of Policemen's Pension Fund, 123 Wis. 245.

A suggestion is made as to how the pension law and the provisions of the city charter, empowering the chief of police to sever the relations of any member of the police force therewith can be harmonized. There is no want of harmony that we can discover, so we cannot enter the field of construction in respect thereto. The office of policeman of the city of Milwaukee is a legislative creation. The power that created it was competent, upon familiar principles, to make any regulation deemed best for filling the office and for creating a vacancy therein. The provisions in that regard are entirely independent of the pension legislation. The chief of police is required to perform his duties regardless of the pension department, and the governing board thereof is required to act upon a case within its jurisdiction, upon proper presentation thereof showing jurisdiction essentials, and not otherwise.

A fair analysis of the pension law and the Milwaukee city charter referred to, without the aid of anything other than elementary principles, would seem to lead logically to the conclusions above reached. A reference to *People ex rel. Tuck v. French,* 108 N. Y. 105, 15 N. E. 188, cited to our attention by respondent's counsel, shows that the same conclusion was reached by the New York court that we have arrived at. The decision turned on the effect of ch. 364, of the Laws of New York for 1885, providing that any member of the police force of New York City after having served twenty years or more, upon his own application in writing shall, by resolution adopted by a majority vote of all of the members of the board be relieved and placed on the roll of the pension fund. It will be observed that giving the force thereto which counsel ascribes to sec. 8 in the pension law here, a member of the New York police force upon serving the requisite time would possess a vested right to be placed upon the pension roll, which could not be disturbed by any administrative act thereafter suspending him from the force. The court held otherwise, saying in effect that it is competent for the police

board, having authority to discipline members of the force, to discharge one after his full term or twenty years' service has expired, regardless of the fact that his application for retirement is pending, and that such discharge ousts the pension board from jurisdiction to retire the applicant to the pension roll, as the law permits only members of the police force to be so retired;—that it is essential thereto that the ·subject thereof shall actually be a member of the police force at the time of the final act required to be performed by the retiring board transferring him from the active to the pension roll. It was there suggested, as here, that the application for ·a pension having been made no occurrence thereafter could affect the right of the applicant. This language was used:

"It is not that [the application for a pension] which retires, but the resolution of the board, passed by a majority of all its members, for so is the statute. That board has a right, and it is its duty, upon receiving the application . . . to determine, first, whether the applicant has, as he asserts, served for the full period of twenty years as a member of the force, and, second, what amount of pension within the prescribed limits should be awarded to him, . . . and make ·an order retiring the officer from the force. Until then he remains a policeman, subject to the decipline and authority of the board [the board having disciplinary authority was also the retiring board]. . . . Their order removing him from his office . . . was valid and effectual, and so he lost his position and with it all right to be retired upon a pension."

As there held the proceedings for retiring a policeman, ·under the law, contemplate putting an end to his services in that way. Therefore, to be eligible therefor one must actually be a policeman up to the final order placing his name on the ·retired list.

*By the Court.*—The judgment is affirmed.