BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND
v. STATE EX REL. FURGASON.

[No. 25,710. Filed November 2, 1933.]

*Walker & Hollett, S. C. Kivett,* and *T. C. Batchelor,* for appellants.

*Emsley W. Johnson, Chester L. Zechiel,* and *Emmett F. Brand,* for appellee.

FANSLER, J.—This is an action by the State of Indiana, on the relation of Virgil T. Furgason, against the Board

of Trustees of the Firemen's Pension Fund of the City of Indianapolis to mandate the board to establish his status as a beneficiary of the fund, and judgment was had in favor of the appellee.

Furgason, who was appointed a member of the Indianapolis Fire Department in May, 1903, remained a member continuously until the 8th day of May, 1918, when he voluntarily resigned. During his service on the fire department, and before his resignation, the Firemen's Pension Fund Law went in to effect. He was eligible for membership, and became a member of the pension fund.

It is alleged, and found by the court, that on the 12th day of May, 1924, the relator made application for "reinstatement" as a member of the fire department and that he was "reinstated," and that thereafter, until the beginning of the action, he continued a member of the fire department. At the time of his reappointment he was approximately forty-four years of age. Upon his reappointment he made application for reinstatement in the Firemen's Pension Fund, and on the 7th day of August, 1924, the trustees indicated that he had been accepted, and he paid his dues for May, June, July, and August, 1924, and the ensuing months, receiving a receipt therefor. He submitted to a medical examination, and the medical examiner recommended that he be not accepted because his blood pressure was too high.

It is contended by the appellee that, since he was reinstated as a member of the fire department, his status is as though he had always continued as such, and that, therefore, having been qualified and admitted as a member of the pension fund during his original employment, he was entitled to reinstatement therein as though his employment had never been discontinued. Appellants contend that, since he resigned from the fire department

of his own volition, his employment terminated, and that his new employment, whether it be termed reinstatement or employment, has no relation to his former employment insofar as it affects his right to become a member of the pension fund.

It is clear that relator's resignation from the fire department was voluntary and complete, and that he was not removed from, or divested of, his employment. After an absence of six years he applied for appointment as a fireman, and was appointed; the latter appointment having no relation to his former employment. In its generally accepted sense, reinstatement refers to a restoration to a state from which one has been removed, and it may be more correctly said that the relator was re-employed. When the relator resigned his position his connection with the fire department was completely severed, and he retained no right to the position or to any of its rights, benefits or emoluments, and no basis remained upon which he could demand reinstatement or re-employment as a matter of right or justice. It may be conceded that, if one is removed from a fire force against his will, or over his protest, or if he is granted a leave of absence, he may retain some right which may be the basis of a reinstatement, which would give him the same status as though he had continued as a member of the force, but, on appointment to the force after a resignation, he must be deemed to enter the force upon the same basis as an employee who had not theretofore any connection with the department.

At the time of his reappointment the relator was forty-four years of age. §10929, Burns 1926 (§11828 Baldwin's 1934), provides:

"That in no event shall a pension be paid to any employee of the fire department who at the time of his appointment was over thirty-five years of age

nor to any employee who has failed to pass the medical examination."

The statute was intended to, and does restrict admission to membership in the fund to those who at the time of appointment are not over thirty-five years of age. The relator does not come within this age requirement, and the fact of his prior service adds nothing to his rights. If it were otherwise, one who had served one year on the fire department, having been appointed when he was thirty-five years of age, having passed a medical examination, and who had resigned, might be re-employed after thirty years under guise of reinstatement, and be eligible to membership in the fund, notwithstanding the great injustice thereby worked upon those who had been continuously members of the department and members of the fund. Such a construction would be contrary to the very evident purpose and intention of the provisions of the statute. In view of our conclusion, it is unnecessary to discuss the other errors assigned.

The judgment is reversed, with instructions to restate the court's conclusions of law in conformity with this opinion, and to enter judgment thereon in favor of the appellants.

Treanor, J., dissenting.

### DISSENTING OPINION.

I cannot concur with the majority opinion insofar, as it holds that the board of trustees of the pension fund cannot restore to his rights as a member of the fund a fireman who has been reinstated by the Board of Public Safety after passing the age of thirty-five, provided the reinstated fireman's previous appointment had been made before he passed the age of thirty-five. The important statutory provisions relative to the powers of the board of trustees are as follows:

"The said board of trustees shall have the management and control of the said firemen's pension fund and of all matters therewith legitimately connected, and shall manage, use and disburse the same for the purposes hereinafter specified. The board shall have power to adopt and enforce such by-laws as may be necessary to enable it effectively and properly to carry into execution the purposes for which it was organized: Provided, That such by-laws shall not in any wise contravene the provisions of this act or the ordinances of such city. . . ." §10925, Burns Ann. Ind. St. 1926 (§11824, Baldwin's Ind. Ann. Stat. 1934), Acts 1905, ch. 129, p. 354, §183.

It is clear that the board, under the foregoing grant of power can make rules for the reinstatement of firemen as members of the pension fund. The power to reinstate would seem to be a proper one, and one that would enable the board to do justice to men of long years of service, who have been discharged unfairly and, subsequently have been restored to their positions, by allowing the years of previous service to be counted as a part of the period of service required before retirement. Incidentally, for the board to have this power will enable it to regain the service of experienced men who have been separated temporarily from the service. In short such a power is so obviously a reasonable and proper one for the board to exercise that it necessarily must be included in the general grant of §10925, supra, unless, as provided in the grant, the exercise of such a power contravenes some provision of the Pension Fund Act or some ordinance of the municipality.

No ordinance is involved in the instant case and the provision relied upon in the majority opinion is found in §10929, Burns 1926 (§11828, Baldwin's 1934), Acts 1905, etc., *supra,* §187, as amended, Acts 1925, ch. 16, p. 29, §3, and reads as follows:

"That in no event shall a pension be paid to any employee of the fire department who at the time of

his appointment was over thirty-five years of age nor to any employee who has failed to pass the medical examination."

The majority opinion does not assume that the foregoing provision directly prohibits the board's restoring a reinstated or reappointed fireman to his pension status when such fireman is more than thirty-five years old at the date of his reappointment; but the opinion does assume that when a fireman has resigned and the Board of Public Safety later reinstates him such attempted reinstatement, if made when the fireman is more than thirty-five, merely amounts to a first appointment and, consequently, the fireman cannot be restored to membership in the pension fund.

Since a fireman who is restored to his position by the Board of Public Safety is in fact reappointed; and since a reappointment or reinstatement is in fact not the same as a first appointment, the majority opinion, in effect, amends the section quoted to provide that any person who is over thirty-five when appointed, or any person who is under thirty-five when appointed but later temporarily resigns his position and is subsequently reappointed when over thirty-five years old, cannot be restored to his membership in the pension fund. The provision is express and its purpose and meaning clear. It denies to the board of trustees the power to grant membership in the pension fund to one who is appointed fireman after he is thirty-five years old or to one who cannot pass a medical examination, if one is required.[1] It does not purport to cover cases where the fireman is reappointed or reinstated after having passed his thirty-fifth year, when he had been a fireman and a member of the pension fund before reaching the age of thirty-five.

---

*Note 1.* ". . . Power is hereby given to the board of trustees of the firemen's pension fund to require and provide for a medical examination of applicants for employment in the fire department, . . ." §10929, Burns, supra.

In the judgment of the writer it is begging the question in this appeal to assume that the attempted reinstatement of the relator by the Board of Public Safety was merely an appointment and, consequently, that the board of trustees of the pension fund could not restore the appellee to his membership in the pension fund for the reason that appellee was *appointed* after he had passed his thirty-fifth year,—although in fact he had been appointed long prior to his thirty-fifth year and had actually served 12 years as fireman before he became thirty-five. The real question in this case, insofar as appellee's age is involved, is whether the board of trustees of the pension fund has the power to reinstate as a member of the pension fund a former member who had been appointed a fireman before he became thirty-five years of age, who had been twelve years a fireman and member of the pension fund, and who had voluntarily withdrawn from the fire department for a period of six years and had been reinstated by the Board of Public Safety after he had passed his thirty-fifth year. I think the board of trustees has the power generally to admit or reinstate firemen as members of the pension fund and that the only qualifications on this power are that no one can be admitted or reinstated who, (1) was over thirty-five when appointed a fireman or, (2) is unable to pass a medical examination, if one is required. Further I believe that "at the time of his appointment was over thirty-five years of age" can not be construed as equivalent to "at the time of his appointment or reinstatement was over thirty-five years of age."