THOMAS P. PLUNKETT, PROSECUTOR, v. BOARD OF PEN-
SION COMMISSIONERS OF THE CITY OF HOBOKEN,
NEW JERSEY, DEFENDANT.

Submitted January 26, 1934—Decided July 24, 1934.

Before Brogan, Chief Justice, and Justices Trenchard and Heher.

For the prosecutor, *Lum, Tamblyn & Colyer* and *Charles E. McCraith, Jr.*

For the defendant, *Horace L. Allen.*

The opinion of the court was delivered by

Heher, J. The applicant invokes the jurisdiction of this court to review, by *certiorari,* a resolution of the Board of Pension Commissioners of the city of Hoboken, denying his petition for a pension from the fund created under the provisions of the act establishing a system for the retirement of policemen and firemen in the several municipalities of this state. *Pamph. L.* 1920, *p.* 324.

He rendered continuous service, as a member of the fire department of the city of Hoboken, from May 1st, 1904, to January 25th, 1933, when he confessed his guilt of charges of misconduct, in violation of departmental rules and regulations, one of which, it is stipulated, "embraces embezzlement by him of moneys of the Hoboken Firemen's Relief Association," and was thereupon dismissed from the service. The validity of his dismissal is not at issue. On February 23d, 1933, after his dismissal, he presented to the pension commission his application "for retirement on half pay

by reason of his having attained the age of fifty years and having honorably served for a period of twenty years in the said Hoboken fire department." Concededly, he reached the voluntary retirement age of fifty years on August 28th, 1925.

The question of the right of one of the statutory class, so circumstanced, to a pension is presented for the first time in this jurisdiction, and we are of opinion that it must be resolved in the negative. It is essentially one of statutory construction. The act provides (section 1) that any member of the police or fire department, in a municipality where its provisions have become effective, "who shall have honorably served in such police or fire department for a period of twenty years, and attained the age of fifty, shall, upon his own application, be retired on half pay, and any member of any such police or fire department who shall have honorably served for a period of twenty years and attained the age of sixty-five years shall be retired on half pay *  *  *."

The legislative purpose is not open to doubt. The statutory scheme is to make retirement compulsory at the age of sixty-five years, and optional with the member after he has reached the age of fifty years, unless he shall sooner sustain "permanent disability in the performance of his duty," in which event he shall, upon the certificate of the departmental surgeon or physician, or other physician designated by the pension commission, be retired upon the prescribed pension. "Retirement" connotes membership surrendered or lost at the instant of time it becomes effective. Moreover, honorable service is a *sine qua non*. The underlying considerations for this policy are manifest. A contrary policy would make for departmental inefficiency. The inducement for efficient and conscientious service, after the member attained the age of fifty years, would be immeasurably lessened, if he could, in the event of a conviction of charges of misconduct, insist that his dismissal be accompanied by the statutory pension. It is not incumbent upon a municipality, or other division of government, to establish a system of pensions. It is rather a question of public policy. The pensioning of civil servants, as well as those in private employment, is designed

primarily to attain a high standard of service at a relatively low wage cost. A basic consideration is that a guaranty against want, when the years of productivity have ended, will heighten the morale of the workers and enhance the quality of the service rendered. And that being so, it goes without saying that one of its fundamental purposes is to secure good behavior and the maintenance of reasonable standards of discipline during service.

And it cannot be gainsaid that the applicant is confessedly guilty of misconduct of a disqualifying character. His conduct, while a member of the fire department, did not meet the standard prescribed by the statute. "Honorable service" is that characterized by or in accordance with principles of honor. One so serving is scrupulously upright, and shows a fine regard for obligations as to conduct. He is entitled to honor or high respect. *The New Century Dictionary.* One who embezzles funds entrusted to his care does not, therefore, render the service that is an essential prerequisite to the awarding of a pension under the act. This offense involves moral turpitude, and palpably justifies the denial of a pension to one so offending. Such misconduct afforded ample justification for the removal of prosecutor from the department. He thereby forfeited his right of membership, and, by the same token, his offense characterized his service as dishonorable.

But it is said that when a member of such a department has rendered honorable service therein for a period of twenty years, and attained the age of voluntary retirement, a vested property right to the statutory pension accrues, and he cannot thereafter be deprived of this right by his dismissal from the department for reasons not "made by statute grounds for the termination of a pension." This contention is utterly lacking in substance. The rule is that compulsory deductions from the salaries of governmental employes, by the authority of the government, for the support of a pension fund, create no contractual or vested right between such employes and the government, and neither the employes, nor those claiming under them, have any rights except such as

are conferred by the statutes creating and governing the fund. And the contributions made by the applicant here were not voluntary in the legal sense. *Bennett* v. *Lee,* 104 *N. J. L.* 453. Until the particular event should happen upon which the money, or a part of it, was to be paid, there was no vested right in the member to such payment. *Pennie* v. *Reis,* 132 *U. S.* 464; 10 *Sup. Ct.* 149; 33 *L. Ed.* 426. And, as we have pointed out, an essential prerequisite is honorable service without limit as to time. The requirement of honorable service is not qualified by the provision of twenty years' minimum service as a prerequisite to retirement on pension. The legislative purpose was patently to prescribe, by this provision, the minimum period of service, without more. Such is the spirit and the indubitable reason of the law.

Lastly, prosecutor maintains that chapter 244 of the laws of 1919 (*Pamph. L.* 1919, *p.* 587) operates to save his pension under the circumstances here presented. But this claim is untenable. This act provides that one who has "honorably served" in either department for the "required number of years to entitle" him "to retire, or to be retired, on a pension," shall not be deprived of his pension privileges "because of any violation of the rules and regulations established for the government of such department, but he may be fined, reprimanded or discharged * * *." The act of 1920 contains no such provision. It is complete in itself, and contains a repealer of all acts inconsistent therewith. It would seem, therefore, that the legislative intent was to supersede, by this enactment, the act of 1919. But, assuming the contrary, the legislative purpose, by the act of 1919, was to exclude from the category of acts constituting dishonorable service, within the intendment of the statute, the violation of rules and regulations established for the "government" of the department. It is evident that, without such a statute, the term "dishonorable service" would not comprehend the violation of rules or regulations ordained for the government of the department merely, unless they were inherently dishonorable, or the violations were so persisted in as to exhibit a willful flouting of departmental authority and discipline.

The parties have agreed that the question at issue shall be determined as if the proceedings had been brought up by *certiorari*, and judgment may be entered accordingly.

Judgment for defendant.