STATE, EX REL. CHESTER RISHLING, APPELLANT, v. GEORGE W. ALLEN ET AL., APPELLEES.

FILED APRIL 5, 1935. No. 29229.

*Frost, Hammes & Nimtz, Lower & Sheehan* and *Bernard Stone,* for appellant.

*Benjamin S. Baker, Edward Shafton, Seymour L. Smith, Harold Linahan, A. C. R. Swenson* and *Philip Klutznick, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and LOVEL S. HASTINGS and LIGHTNER, District Judges.

GOOD, J.

From a denial of the writ in a mandamus proceeding, relator has appealed.

The facts are not in dispute. Relator has served as a patrolman on the police force of the city of Omaha for upwards of 25 years and attained the age of 63 years. He made application to the city council of Omaha for retirement from the police force on a pension of $90 a month, one-half of the salary he was then receiving. A resolution

of the city council approved his retirement on a pension of $90 a month.

Pursuant to a statute, which is a part of the home rule charter of the city of Omaha, there exists what is termed a police relief and pension fund, which, for convenience, will be hereinafter referred to as the pension fund. The statute provides several sources of revenue for the pension fund, and further provides that the city council shall constitute a board of trustees for the pension fund; that the city treasurer shall be *ex officio* treasurer and custodian of the pension fund. The members of the police force are authorized by statute to make such rules and regulations as to disbursement of the pension fund as they may deem proper; such rules and regulations to be approved by the city council. The members of the police force are required to elect annually a board of directors of the pension fund to whom is intrusted the management of the fund and its disbursements, subject to the approval of the city council. The statute provides that the directors shall invest the fund from time to time, subject to the approval of the city council.

Section 14-613, Comp. St. 1929, in part, reads: "Whenever any person heretofore or after the taking effect of this Act shall have been duly appointed or selected and sworn and has served for twenty years, or more, in the aggregate, as a member, in any capacity or any rank whatever, of the regularly constituted police department of any such city, being of the age of fifty years, or over, such person shall have the absolute right and be entitled, on his application made in writing to the city council to retire from active service on such police force, and shall be allowed a pension equal to half his salary at the time of retirement."

This proceeding is against the city council and the board of directors, to compel the issuance and delivery to relator of an order or warrant for $90 as pension for the month of October, 1933, said amount being one-half of the salary he was receiving at the time he was retired from the po-

lice force. The city council, by answer in the nature of a return to the alternative writ, stated that they were ready and willing to approve the warrant or order if and when such order was directed by the directors of the pension fund. Another charter provision is that the board of directors of the pension fund shall organize and elect a president, vice-president and secretary, and that no payment of any money shall be made from said pension fund except on order of the directors, signed by the president and countersigned by the secretary, and approved by the city council.

The board of directors in their answer, in the nature of a return to the alternative writ, alleged that in July, 1933, relator made application for retirement and was retired, and that his then salary was $150 a month; that he was entitled only to a pension of $75 a month, which had been paid to him; that thereafter he was reinstated to his former position on the police force for a short time, and that the city council in the meantime had, by ordinance, increased his salary to $180 a month; that after serving 13 days relator had again made application for retirement at the increased pension of $90 a month. The directors contend, first, that, under a by-law adopted by the directors, when relator had once retired and received a pension, was later reinstated and again retired, he was entitled to receive a pension no greater than the amount allowed when he first retired on a pension. There was a proviso in this by-law to the effect that it would not apply to persons retiring on account of disability, or who might, through no fault of their own, be compelled to retire. From the record it appears, first, that the members of the police department never adopted this by-law and that it was adopted only by the board of directors; second, the evidence indicates that it never was approved by the city council, and lastly, the by-law is in direct conflict with the statutory and charter provision which gives to a member of the police force, who has served the requisite time and attained the requisite age, the absolute right to retire on a

pension of one-half the salary he is receiving at the time his application to retire is made.

The board of directors is not vested with the power to alter or amend the Omaha charter, and can only make such rules and regulations as are consistent with the Omaha charter. 14 C. J. 362; *Briggs v. Royal Highlanders*, 84 Neb. 834. We therefore conclude that this by-law is invalid and is no bar to the right of relator to receive the pension granted by the city council.

The record shows that the city council, by ordinance, changed the salaries of officers and patrolmen of the police department several times in 1933. For a number of years prior to July, 1933, relator had been receiving a salary of $180 a month. By ordinance, the salary was reduced to $150 a month, and he was put in a position of either retiring on a pension of one-half of that salary, or being laid off from the police force. The reason for this action of the city council is not clear, but probably is imputable to the fact that the revenues and funds of the police department were running low, and it was found necessary to either retire a part of the police force on a pension or lay part off entirely. Rather than be laid off, relator elected to retire on pension of one-half of his then salary of $150 a month. Shortly thereafter another ordinance was passed by the city council further reducing the salaries of officers and patrolmen of the police department, and, still later in the year, 1933, another ordinance was passed, increasing the salaries of officers and patrolmen of the police department, so that relator's salary and the salaries of those in his class would be raised to $180 a month. Relator then applied for reinstatement and was reinstated, and 13 days later filed his application and elected to retire on a pension of one-half that salary, which was granted by the city council. The board of directors, relying upon their by-law above mentioned, and, incidentally, on the proposition that relator's reinstatement at the higher salary, after having once retired, was not in good faith but was done solely for the purpose of permitting him to receive a larger

pension, refused to draw an order or warrant for his pension for a sum in excess of $75. The board concedes that relator is entitled to a pension of that amount.

As we have heretofore stated, the by-law on which the board relies is of no force and effect. Adoption of the ordinance increasing the salary and the reinstatement of relator to his former position on the police force are conceded, but respondents argue that it was a mere subterfuge and that the council did not act in good faith in passing the ordinance raising the salaries, and after the retirement of relator and others in his class, then passing another ordinance reducing the salaries of patrolmen to $120 a month. The action of the city council in passing the several ordinances may or may not be subject to criticism. What motives they entertained is no concern of the court. The court is not the keeper of the council's conscience. We can only inquire whether the council acted within the scope of the authority given them by the charter.

By an amendment to the Omaha charter, duly adopted in November, 1926 (art. V, sec. 8), the salaries of officers and men of the police department of the city of Omaha were fixed, and the salaries of patrolmen who had served for more than four years were fixed at $180 a month, and it was further provided: "The city council may, by ordinance, at any time, change, fix or revise the salaries or compensation of the officers or men of the police department." Thus, the city council were vested with full authority to adopt an ordinance changing the salaries of the members of the police department at any time. The council acted within the power granted.

It may be that the city council were actuated by high motives. The salaries of patrolmen for many years have been $180 a month. Because of decreased revenues, it was necessary to reduce salaries. Relator had served for 25 years. During several years he was entitled to and could have retired on a pension of $90 a month. The council may have been of the opinion that cutting of

salaries was an emergency measure that would last for only a short time, and that relator should receive the same pension as others who had retired previously to passage of the ordinance cutting the salaries. But whether the city council acted with good motives, or otherwise, is not a matter into which the court may inquire. The limit of our inquiry is: Did they act within the powers granted? We have found that they did so act. We think relator was entitled to retire on a pension of $90 a month, and that it is the duty of the board of directors to allow, and have its president and secretary sign and countersign, respectively, an order for his pension at the rate of $90 a month.

Apparently, the trial court refused to grant the writ on the sole ground that there was a plain and adequate remedy at law open to relator. With this view we are unable to agree. By law, the city treasurer is made custodian of the fund. He cannot pay out the fund except upon order or warrant, duly drawn in the manner provided by law. Certainly, no suit could be maintained against the city treasurer; nor could a judgment be entered against the board of directors, and, by law, the pension fund is not subject to garnishment or execution. In any event, if a judgment could be obtained against any one, it could be satisfied only by requiring the board of directors to allow, and its president and secretary to sign and countersign, an order, to have the approval of the city council of such action, before the payment could be made.

We are of the opinion that an adequate remedy at law was not afforded relator. It follows that the writ should have been allowed. The judgment is reversed, with directions to allow the writ.

REVERSED.