ANTON VANOUS, APPELLEE, v. THE CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT.

28 N. W. 2d 560

Filed July 18, 1947. No. 32246.

E. F. Fogarty, Edward Sklenicka, Einar Viren, James M. Paxson and Herbert M. Fitle, for appellant.

E. Melvin Kennedy and Emmet L. Murphy, for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and TEWELL, District Judge.

SIMMONS, C. J.

Plaintiff in this action sought a judgment for a pension under the provisions of section 14-614, R. S. 1943. Issues were made, trial to a jury waived, and trial had resulting in a judgment for the plaintiff. Defendant appeals. We reverse the judgment of the trial court and dismiss the cause.

The plaintiff was born October 8, 1889. He became a member of the regular police department January 10, 1913. He served continuously thereafter until August 1933. On August 11, 1933, he was suspended and relieved from duty. On August 12, 1933, he tendered his resignation as a member of the department to become effective from August 11, 1933. This was accepted August 15, 1933, by the city council. At that time he had served 20½ years. He became 50 years of age on October 8, 1939.

In 1940, plaintiff's son discussed the matter of a pension for his father with the city attorney, since deceased, and testified that he was advised its allowance would be automatic if plaintiff made application. Plain-

tiff made application in January 1942. On February 27, 1942, the same city attorney advised the council in writing that plaintiff was not entitled to a pension. It was denied on March 3, 1942. On May 29, 1943, this action was commenced. The action was tried in December 1946. Plaintiff pleaded a contemporary construction of the statute by the city in the granting of pensions in similar cases. He offered the record of one officer who was born August 24, 1884, became a patrolman July 1, 1910, was suspended March 2, 1932, returned to duty May 9, 1933, worked and was paid for the one day of May 10, 1933, resigned May 11, 1933, and was retired on a pension beginning August 22, 1934, by order of the city council adopted October 23, 1934.

Section 14-614, R. S. 1943, insofar as applicable here, is as follows: "Whenever any person shall have been duly appointed or selected and sworn and has served for twenty years, or more, in the aggregate, as a member, in any capacity or any rank whatever, of the regularly constituted police department of any such city, being of the age of fifty years, or over, such person shall have the absolute right and be entitled, on his application made in writing to the city council to retire from active service on such police force, and shall be allowed a pension equal to half his salary at the time of retirement; * * *."

It is plaintiff's contention that after he has served 20 years he then has earned his pension; that he can then retire or resign, but that he cannot be paid the pension until after he has become 50 years of age, at which time he is entitled to the pension provided in the act. It is the defendant's contention that plaintiff is required to meet the provisions of the act as to length of service and age while an active member of the department.

Leaving out language not necessary to be considered here, the statute provides: "Whenever any person shall have * * * served for *twenty years, or more,* in the ag-

gregate, as a member, * * * *being* of the age of *fifty years, or over,* such person shall have the absolute right and be entitled, * * * to retire *from active service* * * * and shall be allowed a pension equal to half his salary at the time of retirement; * * *." (Emphasis supplied.) The word "being" as used here imports the present time and has the same meaning as though the word "is" were used. Clearly under the language of the act service as a member of the department for 20 years or more in the aggregate and age of 50 years or over must concur while the member is in active service to entitle him to the benefits of the act. Such is the clear import of our opinions in State ex rel. Rishling v. Allen, 128 Neb. 675, 260 N. W. 191; and Lickert v. City of Omaha, 144 Neb. 75, 12 N. W. 2d 644. It is obvious that as of August 1933, when plaintiff resigned and his resignation was accepted, he had not then met the requirement of the act as to age. Nothing is shown to have happened since to bring him within the requirements of the act to entitle him to a pension.

Plaintiff offers one isolated pension allowance to sustain his contention of a contemporary construction. Defendant urges that the doctrine arises only from a course of conduct and is never applied to a single case. See 59 C. J., Statutes, § 608, p. 1024. That we need not determine. The rule is: "Resort to contemporaneous construction of a statute by administrative bodies is neither necessary nor proper where the language used is clear, or its meaning can be ascertained by the use of intrinsic aids alone." City of Lincoln v. First Nat. Bank, 146 Neb. 221, 19 N. W. 2d 156. See 59 C. J., Statutes, § 607, p. 1022; 50 Am. Jur., Statutes, § 319, p. 312. There is no occasion to resort here to contemporaneous construction.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.