KONE *v.* BALTIMORE COUNTY, MARYLAND

(Two Appeals in One Record)

[No. 314, September Term, 1962.]

468

*Decided May 14, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Kenneth C. Proctor* and *Richard A. Reid,* with whom were *Proctor, Royston & Mueller* on the brief, for the appellant.

*E. Scott Moore* and *James D. Nolan* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant Kone seeks to reverse administrative action of Baltimore County, upheld by the Circuit Court, in dismissing him for cause from his position as Lieutenant in the County police force and in thereafter refusing him the pension which some twenty years of service normally would have given him.

At the scene of a motor vehicle accident on February 5, 1962, Kone, the senior officer present, accepted the suggestion of a fireman that he take as his own a one hundred fifty pound side of beef which had fallen from a truck overturned in the accident. Kone had two probationary police officers assist in putting the beef in his car and took it to a grocery store near his home in Monkton, where he had it cleaned, cut in half and stored until he could take it to a food locker he hired a few days later to be butchered and frozen.

Complaint was made that the beef was missing, and an investigation ensued. Kone was suspended and thereafter paid the owner of the beef its value of $87.00.

Charges and specifications were filed against him pursuant to Special Regulations 6.09-6.10 of Special Rule No. 6 (Suspensions) of Sec. 22-3.2 of the Baltimore County Code (1961 Cum. Supp.). A hearing was then held before a Trial Board as called for by Special Regulation 6.12.

Such Boards are provided for by Special Regulation 1.03 of Special Rule No. 1 (Definitions) of said Sec. 22-3.2 and are directed to be "convened by the Director of Public Safety for the purpose of hearing Charges and Specifications filed against any employee of the Police or Fire Bureau." The Board is made up of the Director of Public Safety, as chairman, the Chief of the Police Bureau (if the charge is against a fireman), or the Chief of the Fire Bureau (if the charge is against a policeman), and a member of the Personnel and Salary Advisory Board, selected by that Board. The Chief of the Bureau "whose employee is being afforded a hearing" attends the hearing but has no vote. Special Regulation 6.14 is as follows:

> "The Director of Public Safety shall act as Chairman of the Trial Board. The findings of the Trial Board shall be final and the Board may dismiss any proceeding or prescribe any disciplinary action up to and including dismissal from the Police or Fire Bureau."

The Trial Board which tried Kone was convened by William E. Fornoff, the County Administrative Officer, who, since June 10, 1960, had been Acting Director of Public Safety. He acted as chairman and sat with Winfield H. Wineholt, head of the Fire Bureau, and C. E. Crowley, Chairman of the Personnel and Salary Advisory Board. The Chief of Police also sat with the Board but did not vote.

After a hearing, the Board rejected certain of the charges but found Kone guilty of appropriating the beef, of wrongfully receiving it, of conduct unbecoming a police officer and gentleman, and of acting in a manner which brought discredit upon the Police Department and injured the reputation of its members. He was ordered dismissed from the force as of April 2, 1962.

On April 9, 1962, Kone's application for retirement as of

April 7, 1962, was denied because he was not an employee on that date and because he met neither of the two statutory prerequisites to retirement and a pension—permanent disablement while in the active performance of duty or the performance of "faithful service" for not less than twenty years, which the Baltimore County Code (1961 Cum. Supp.), Sec. 21-17 requires.

On April 11, 1962, Kone's request for a pension was denied because he did not gratify the prerequisites of Sec. 21-17 of the County Code.

He filed an appeal from the Trial Board to the Board of Appeals of Baltimore County and an appeal from the denial of his retirement benefits to the Personnel and Salary Advisory Board of the County. Both appeals were dismissed on the ground that there was no statutory provision authorizing them to be taken.

Kone then filed two proceedings in the Circuit Court. One was an appeal taken under the purported authority of Chapter 1100, Subtitle B of the Maryland Rules, covering appeals from administrative agencies. The other was a petition for mandamus to have himself reinstated or, in the alternative, retired with full pension.

The trial court granted the County's motion that the appeal not be received seemingly because Chapter 1100, Subtitle B, in terms applies only where a review of administrative action is "specially authorized by statute," and the Baltimore County Code (1961 Cum. Supp.), Sec. 22-3.2, Special Regulation 6.14 makes the action of the Trial Board final. The court sustained the County's demurrer to the petition for mandamus, without leave to amend, on the ground that the pleadings established no basis which would justify the issuance of the writ.

We think the rejection of the appeal manifestly was correct and turn to consideration of the propriety of the sustaining of the demurrer.

The petition for mandamus was based upon the contentions: (1) that the action of the Trial Board was ineffective because the County Administrative Officer illegally usurped the Office of the Director of Public Safety, and his actions as acting Direc-

tor, in convening the Board and in sitting as its chairman were nullities; (2) that the action of the Trial Board was arbitrary and unreasonable; and (3) that the County had no right to deny Kone retirement benefits.

On June 10, 1960, the Director of Public Safety of Baltimore County resigned, and Fornoff, the County Administrative Officer, became Acting Director. He continued to act as head of the Department of Public Safety until December of 1962. Kone argues that the office of Administrative Officer and Director of Public Safety are incompatible and that Fornoff was a mere usurper of the latter office, without either lawful title or color of right to the office.

We may assume that the two offices are incompatible since there is a present or prospective conflict of interest which stems from the fact that the Director is subordinate to the Administrative Officer and subject to his supervision, *Hetrich v. County Commissioners,* 222 Md. 304, 308; but we do not agree that Fornoff was a mere usurper. Rather, we think he was the de facto Director of Public Safety and that his actions in convening the Trial Board and serving on it as chairman were permissible and effective and may not now be successfully challenged by Kone.

A de facto officer has been defined as one in actual possession of an office under some colorable or apparent authority, who exercises the duties of the office under such circumstances of reputation and acquiescence by the public authorities and the public as is calculated to induce people, without inquiry, to submit to or invoke his official action, supposing him to be the officer he assumed to be. *Buckler v. Bowen,* 198 Md. 357; *Reed v. President of North East,* 226 Md. 229, 243-244.

The Charter of Baltimore County gave Fornoff colorable or apparent authority to act as Director of Public Safety by reason of its contemplation that there will be, from time to time, acting heads of government or of departments and because of the powers conferred on the County Administrative Officer to appoint acting heads and supervise their departments. For example, Sec. 402 (c) provides that during the temporary absence or disability of the county executive, the county adminis-

trative officer shall serve as acting county executive, and Sec. 406 (a) directs the director of the budget to serve as acting county administrative officer if that office becomes vacant. Sec. 406 (b) says:

"Subject to the approval of the county executive, the county administrative officer may, in the case of a vacancy or temporary absence, designate any person to serve as acting head of any office or department in the administrative services until the appointment of a successor. Unless at the time of such appointment the temporary appointee is a subordinate officer in the office or department to which he is designated as acting head, he shall possess all the qualifications for the office specified in article V of this Charter for an original appointee."

Sec. 403 (d) gives the county administrative officer general supervision "over all activities of those offices and departments whose heads he appoints, and the boards and commissions connected therewith." In addition to this general power the administrative officer is given the express power and duty to appoint the director of public safety (it being one of the many generally designated offices) subject to the approval of the county executive and "to perform such other administrative duties as may be delegated to him by the county executive," and "to do and perform such other duties as may be * * * required by ordinance or resolution of the county council or as may be necessarily implied by the powers and duties herein specified."

There is no allegation or contention that the County Executive did not acquiesce in—if he did not direct—Fornoff's designation of himself as Director of Public Safety. Sec. 406 (c) of the Charter prescribes that no person shall serve as acting head of any office or department for longer than sixty days without the approval of the County Council. The County Solicitor, on February 7, 1961, advised Fornoff that his actions as Director of Public Safety were valid, as those of a de facto officer, because the county charter gave him the "power and duty to serve as Director, without additional compensation," until the

office was otherwise filled. It is agreed that the Council did not give its express approval to Fornoff's acting as Director of Public Safety, but it is not alleged or suggested that it ever questioned his so acting. Kone stood trial before the Trial Board convened by the Acting Director without even an intimation that he thought the Board had been illegally or irregularly convened or was without authority. There is nothing before us to give hint that Kone, until after his dismissal, challenged or questioned the assumption or exercise of the powers and duties of the office of Director of Public Safety by the County Administrative Officer.

We think the provisions of the Charter and facts apparent from the pleadings show that Fornoff not only officiated as Director of Public Safety under colorable and apparent authority but that there was acquiescence by the public authorities and the public calculated to induce submission to or invocation of his action on the assumption he was the officer he seemingly was.

Since Fornoff was a de facto officer, his actions in convening and heading the Trial Board were valid as to third persons and the public, and the Board had the power and right to act as it did. *Hetrich v. County Commissioners* and *Reed v. President of North East,* both *supra.* See also *Byrnes v. Boulevard Commissioners* (N. J.), 3 A. 2d 456, which held that an illegal commission was exercising public functions under a color of right when it discharged certain policemen and that the discharges were valid actions, under the general rule, of a de facto body.

We find no substance to the contentions that the action of the Board was arbitrary and unreasonable and that the County lacked power to deny Kone a pension.

Appellant argues that his conduct was unwise but not criminal and his long unblemished record gave him a right to more lenient treatment than he received. The facts before the Board certainly justified (a) its findings that he appropriated or wrongfully received valuable merchandise knowing it was another's and that he did this with the assistance of probationary policemen and other county employees, and (b) its conclusions that his conduct was unbecoming a police officer and brought discredit to the Police Department and its members.

The severity of the punishment was for the Board to determine, and its action was within the limits set by the statute and, so, not arbitrary or unreasonable in a legal sense.

Baltimore County Code (1961 Cum. Supp.), Sec. 21-17, authorizes but does not command the giving of a pension. The exercise of the statutory authorization is conditioned upon the specified service of the recipient having been faithful. Kone did not meet the test of faithful service under the findings of the Trial Board, and there was no error in law in the denial of his pension. *Cf. Bucher v. Ober,* 204 Md. 568.

*Judgment affirmed, with costs.*