STATE *ex rel.* CHARLES FOX

*v.*

THE BOARD OF TRUSTEES OF THE POLICEMEN'S PENSION OR RELIEF FUND OF THE CITY OF BLUEFIELD, *et al.*

(No. 12308)

Submitted February 25, 1964.    Decided March 17, 1964.

*Preiser, Weaver & Daugherty, George A. Daugherty,* for relator.

*Philip T. Lilly, Jr.,* for respondents.

HAYMOND, PRESIDENT:

In this original mandamus proceeding instituted in this Court January 16, 1964, the petitioner, Charles Fox, seeks

a writ to require the defendants, The Board of Trustees of the Policemen's Pension or Relief Fund of the City of Bluefield and Henry F. Warden, Roy W. Humphreys, Andrew L. Dodson, Homer R. Tabor and R. H. Lambert, members of such board, to pay him the pension to which he claims he is entitled and which the defendants, by Roy W. Humphreys, Secretary of the Board, have refused to do. A rule was issued upon the petition returnable February 25, 1964, and at that time this proceeding was submitted for decision upon the petition and its exhibits; the answer and its exhibits filed by the defendants; and the written briefs and the oral arguments of the attorneys in behalf of the respective parties.

The material facts are not disputed and the questions presented for decision are questions of law.

The petitioner was born December 31, 1912, and became a member of the paid police department of the City of Bluefield February 10, 1937. He served as a member of that department continuously for a period of more than twenty five years, from February 10, 1937, until July 2, 1962, at which time he voluntarily resigned as a member of the department by a letter of that date directed to the manager of the City of Bluefield. At the time of his resignation he had not reached the age of fifty years but he had attained the age of forty nine years six months and two days. After resigning as a member of the department he became fifty years of age on December 31, 1962, and on January 1, 1963 he made written application to the board for the payment of a retirement pension which he claims under the provisions of Section 20, Article 6, Chapter 8, Code, 1931, as amended. By letter of the secretary of the board, dated January 16, 1963, addressed to the petitioner, the defendants denied the request of the petitioner for the payment of the pension to which he claims he is entitled. Exactly one year later the petitioner instituted this proceeding.

The answer filed by the defendants in support of their action in denying the right of the petitioner to a pension contains the allegation that the petitioner was not for

more than twenty five years a member in good standing of the department and the undenied allegation that he has pleaded guilty to twenty four felonies, consisting of crimes of stealth and breaking and entering; that all of them were committed while he was a uniformed police officer of the City of Bluefield; and that such offenses were committed during a period of about sixteen years.

The statute which applies to and governs the questions involved in this proceeding, Section 20, Article 6, Chapter 8, Code, 1931, as amended, to the extent here pertinent, contains this language: "Any member of a municipal fire department or police department who is entitled to benefits of said fund, and who has been in the service of such department for twenty years, and upon reaching the age of fifty years, may upon written application to the board of trustees, be retired from all service from such department without medical examination or disability; and on such retirement the board of trustees shall authorize the payment of an annual pension, payable in twelve monthly installments for each year of the remainder of his life, in an amount equal to fifty per cent of such member's average annual salary or compensation received during the five fiscal years in which such member received his highest compensation while a member of the department, or an amount of one hundred fifty dollars per month, whichever shall be greater; * * * . "

The petitioner contends that the foregoing statute does not state that such police officer must be on duty or in the service of the department when he reaches the age of fifty years and does not expressly provide that his service as a member of such department must be honorable and faithful service; and that if the petitioner has rendered service as a member of the department for a period of twenty years or more he is entitled to the payment of his pension when he attains the age of fifty years, even though at that time he is no longer in the service or a member of the department. The petitioner also contends that the pertinent provisions of the statute are ambiguous and that they should be liberally interpreted in favor of the petitioner.

On the contrary the defendants contend that the petitioner, to be entitled to the pension which he claims, must have served as a member of the department for at least twenty years and must be a member of the department when he attains the age of fifty years, and that his service as a member of the department must be honorable and faithful.

The right to a pension for a member of a municipal fire department or police department is based upon and created by the above quoted statute and such right accrues to or vests in such member only when all the statutory conditions are performed and all its requirements are complied with and satisfied. It is then and only then that a vested right to such pension accrues. *State ex rel. Frye v. Bachrach,* 175 Ohio State 419, 195 N. E. 2d 803. The statute which creates such right is clear and free from ambiguity and for that reason it will not be interpreted but will be applied and enforced by the courts. This Court has said in many cases that when a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and that in such case it is the duty of the courts not to construe but to apply the statute. *State ex rel. Wheeling Downs Racing Association* v. *Perry,* 148 W. Va. 68, 132 S. E. 2d 922; *State ex rel. Hardesty* v. *Aracoma-Chief Logan No. 4523, Veterans of Foreign Wars,* 147 W. Va. 645, 129 S. E. 2d 921; *J. D. Moore, Inc.* v. *Hardesty,* 147 W. Va. 611, 129 S. E. 2d 722; *Terry* v. *State Compensation Commissioner,* 147 W. Va. 529, 129 S. E. 2d 529; *Cotiga Development Company* v. *United Fuel Gas Company,* 147 W. Va. 484, 128 S. E. 2d 626; *In re Hillcrest Memorial Gardens, Inc.,* 146 W. Va. 337, 119 S. E. 2d 753; *State* v. *General Daniel Morgan Post No. 548, Veterans of Foreign Wars,* 144 W. Va. 137, 107 S. E. 2d 353; *Medical Care, Inc.* v. *Chiropody Association of West Virginia,* 141 W. Va. 741, 93 S. E. 2d 38; *Lane* v. *Board of Trustees of Employees' Retirement and Benefit Fund,* 139 W. Va. 878, 82 S. E. 2d 179; *State* v. *Abdella,* 139 W. Va. 428, 82 S. E. 2d 913; *State* v. *Chittester,* 139 W. Va. 268, 79 S. E. 2d 845; *State ex rel. Mountain Fuel Company* v. *Trent,* 138 W. Va. 737, 77 S. E. 2d 608; *Cawley* v. *The Board of Trustees of the Firemen's Pension or Relief Fund of the*

*City of Beckley,* 138 W. Va. 571, 76 S. E. 2d 683; *Appalachian Electric Power Company* v. *Koontz,* 138 W. Va. 84, 76 S. E. 2d 863; *Douglass* v. *Koontz,* 137 W. Va. 345, 71 S. E. 2d 319; *State* v. *Epperly,* 135 W. Va. 877, 65 S. E. 2d 488; *Raynes* v. *Nitro Pencil Company,* 132 W. Va. 417, 52 S. E. 2d 248; *Hereford* v. *Meek,* 132 W. Va. 373, 52 S. E. 2d 740; *The Baird-Gatzmer Corporation* v. *Henry Clay Coal Mining Company,* 131 W. Va. 793, 50 S. E. 2d 673; *State ex rel. Department of Unemployment Compensation* v. *Continental Casualty Company,* 130 W. Va. 147, 42 S. E. 2d 820; *State ex rel. McLaughlin* v. *Morris,* 128 W. Va. 456, 37 S. E. 2d 85; *Barnhart* v. *State Compensation Commissioner,* 128 W. Va. 29, 35 S. E. 2d 686; *State* v. *Conley,* 118 W. Va. 508, 190 S. E. 908; *Long Flame Coal Company* v. *State Compensation Commissioner,* 111 W. Va. 409, 163 S. E. 16; *State* v. *Patachas,* 96 W. Va. 203, 122 S. E. 545; *State* v. *Crawford,* 83 W. Va. 556, 98 S. E. 615; 50 Am. Jur., Statutes, Section 225.

It is obvious from the language of the above quoted statute that it provides a pension only for a member of a municipal fire department or police department who has been in the service of such department for twenty years and who is a member of such department when he reaches the age of fifty years. Its language expressly mentions and applies and is limited to such persons only as are members of the department who have served as such for twenty years and who while members of the department attain the age of fifty years. It does not apply to or create a pension for a person who has been a member and served for twenty years but who had ceased to be a member before he reached the age of fifty years. Though the petitioner while a member of the department was in its service for a period of more than twenty years, he voluntarily resigned and ceased to be a member before he attained the age of fifty years and, for that reason, he is not covered by the statute and is not entitled to any pension provided for by its terms.

In *Vanous* v. *City of Omaha,* 148 Neb. 685, 28 N. W. 2d 560, the Supreme Court of Nebraska held that under the applicable statute of that state a claimant who served

continuously as a member of a municipal police department for a period of more than twenty years but who voluntarily resigned from the department before he attained the age of fifty years, was not entitled to a pension. The statute considered by the court in the *Vanous* case, to the extent here pertinent, provided that "Whenever any person shall have \* \* \* served for *twenty years, or more,* in the aggregate, as a member, \* \* \**being* of the age of *fifty years, or over,* such person shall have the absolute right and be entitled, \* \* \* to retire *from active service* \* \* \* and shall be allowed a pension equal to half his salary at the time of retirement; \* \* \* . " In applying the statute, which closely resembles the statute here under consideration, the court said: "Clearly under the language of the act service as a member of the department for 20 years or more in the aggregate and age of 50 years or over must concur while the member is in active service to entitle him to the benefits of the act. Such is the clear import of our opinions in *State ex rel Rishling* v. *Allen,* 128 Neb. 675, 260 N. W. 191; and *Lickert* v. *City of Omaha,* 144 Neb. 75, 12 N. W. 2d 644. It is obvious that as of August 1933, when plaintiff resigned and his resignation was accepted, he had not then met the requirement of the act as to age."

In *Walter* v. *Police and Fire Pension Commission of City of Trenton,* 120 N.J.L. 39, 198 A. 383, the Supreme Court of New Jersey held that under a statute of that State governing pensions to policemen, in order for a policeman to retire with pension, he must be a member of a police department when his application is made. See also *Blough* v. *Ekstrom,* 14 Ill. App. 2d 153, 144 N. E. 2d 436.

Under the provisions of Section 20, Article 6, Chapter 8, Code, 1931, as amended, an applicant for a pension as a policeman must have rendered service as a member of a municipal police department for twenty years or more and while such member he must have reached the age of fifty years or more, and such service and the attainment of such age must concur while he is in the active service of the department, to entitle him to the benefits provided

by the statute for the retirement of and the award of a pension to such member.

It is well established that a member of a municipal fire department or police department who voluntarily resigns from such department completely severs his connection and loses any right to a pension or benefit which might otherwise have accrued to him as a member. *Blough* v. *Ekstrom,* 14 Ill. App. 2d 153, 144 N. E. 2d 436; *Jud* v. *City of San Antonio,* Court of Civil Appeals of Texas, 313 S. W. 2d 903; *Board of Trustees of Firemen's Pension Fund* v. *State ex rel. Furgason,* 205 Ind. 557, 187 N. E. 330, 89 A.L.R. 680; *State ex rel. Palm* v. *City of Brazil,* 225 Ind. 308, 74 N. E. 2d 917; *Doering* v. *Hinrichs,* 289 N. Y. 29, 43 N. E. 2d 709; *Abbott* v. *City of Los Angeles,* 178 Cal. App. 2d 204, 3 Cal. Rptr. 127; 40 Am. Jur., Pensions, Section 28; 62 C.J.S., Municipal Corporations, Sections 601 and 614. In 40 Am. Jur., Pensions, Section 28, the text contains this language: "The voluntary resignation of a public employee from his position operates, however, as a complete severance therefrom, and the loss of right to the position and all rights, benefits, or emoluments thereof, including all pension rights, * * *."

It is also clear that a member of a municipal fire department or police department has no vested right to the contributions made by him to the pension fund or to an award of pension benefits from the fund before the conditions for retirement imposed by the statute have been met or satisfied. *Blough* v. *Ekstrom,* 14 Ill. App. 2d 153, 144 N. E. 2d 436; *Walter* v. *Police and Fire Pension Commission of City of Trenton,* 120 N.J.L. 39, 198 A. 383; *Jud* v. *City of San Antonio,* Court of Civil Appeals of Texas, 313 S. W. 2d 903; *Cawley* v. *The Board of Trustees of Firemen's Pension or Relief Fund of the City of Beckley,* 138 W. Va. 571, 76 S. E. 2d 683. In the *Cawley* case the claimant served for several years as a fireman but was over the statutory age when he entered the service of the department; and in dealing with the question of his right to participate in the pension fund, this Court used this language:

"Relator contends that the facts alleged in his petition disclose that he has a vested right to receive an award of pension benefits from the Fund. A fund of the kind here considered, is a public fund. *Gall* v. *Wheeling,* 119 W. Va. 93, 192 S. E. 116. Moreover, the money paid into the Fund, is in part, derived from taxation. See Code, 8-6-14, Chapter 93, Article 6, Acts of the Legislature, 1945, Regular Session. This Fund is controlled by the Trustees, a corporation authorized by statute and ordinance, and is entirely at the disposal of a branch of the municipal government.

"Being a fund raised and controlled in such manner, the prospective beneficiaries of that fund have no vested right in it. True, they may have an expectancy to participate in the fund when otherwise qualified. *Pennie* v. *Reis,* 132 U. S. 464, 471; 33 L. Ed. 426; 10 S. Ct. 149. See *Eberle* v. *LaGuardia,* (N. Y.), 33 N. E. 2d 692; *Rockenfield* v. *Kuhl, supra;* Annotations 54 A.L.R. 943 et seq.; 98 A.L.R. 505 et seq.; 112 A.L.R. 1009 et seq.; 137 A.L.R. 249 et seq. In *Pennie* v. *Reis, supra,* and some of the authorities above cited, it is indicated that where statutory conditions for retirement have been met, the right to a pension becomes vested in the absence of fault on the part of the expectant beneficiary. See *Eberle* v. *LaGuardia, supra; State* v. *Lee,* (Fla.), 2 So. 2d 127. But as herein stated, the statutory requirements have not been met, i.e., relator was never a fireman as a matter of law, and therefore does not come within the class of an expectant beneficiary, who otherwise may have had a vested right in the fund."

The petitioner is not entitled to the pension which he seeks for the additional reason that during a period of at least sixteen years his service in the department as a policeman was not honorable service but instead his service involved conduct which resulted in the commission of numerous crimes involving moral turpitude. Though the applicable statute does not expressly mention the kind of service required of a member of a municipal police department to entitle him to a pension, it is necessarily implied that the service rendered must be honorable service; and certain it is that the statute does not permit the

award of a pension to a member of a municipal police department who has pleaded guilty to numerous criminal offenses which were committed by him during his service as a member of such police department. *Kone* v. *Baltimore County*, 231 Md. 466, 190 A. 2d 800; *Walter* v. *Police and Fire Pension Commission of City of Trenton*, 120 N.J.L. 39, 198 A. 383; *Fromm* v. *Board of Directors of the Police and Firemen's Retirement System*, Superior Court of New Jersey, 81 N. J. Super. 138, 195 A. 2d 32; *Ballurio* v. *Castellini*, 29 N. J. Super. 383, 102 A. 2d 662; *Plunkett* v. *Pension Commissioners of City of Hoboken*, 113 N.J.L. 230, 173 A. 923, affirmed, 114 N.J.L. 273, 176 A. 341; *People ex rel. Hardy* v. *Greene*, 87 App. Div. 589, 84 N.Y.S. 673; *MacIntyre* v. *Retirement Board of the City and County of San Francisco*, 42 Cal. App. 2d 734, 109 F. 2d 962; *State ex rel. Weber* v. *Board of Trustees of Policemen's Pension Fund*, 123 Wis. 245, 101 N. W. 373; 3 Antieau, Municipal Corporation Law, Chapter 22, Section 22.11. To award a pension to a member of a municipal police department upon his retirement who while serving as a policeman has committed numerous criminal offenses would be to reward a policeman for flagrant violation of his sworn duty to uphold the law and to protect the taxpayers who contribute to such pension and the other members of the general public.

In the opinion in the *Fromm* case are these pertinent statements:

"A police officer occupies a unique position in our society. As we said in *In re Emmons*, 63 N. J. Super. 136, 140, 164 A. 2d 184 (1960), he 'stands in the public eye as an upholder of that which is morally and legally correct.'

"It is, of course, axiomatic that one of the fundamental purposes of the pensioning of civil servants is to secure good behavior and the maintenance of reasonable standards of discipline during service. *Plunkett* v. *Pension Comm'rs. of Hoboken*, 113 N.J.L. 230, 232-233, 173 A. 923 (Sup. Ct. 1934), affirmed 114 N.J.L. 273, 176 A. 341 (E. & A. 1935). The court in that case observed that honorable service is 'characterized by or in accordance with prin-

ciples of honor. One so serving is scrupulously upright, and shows a fine regard for obligations as to conduct.' (113 N.J.L. at page 233, 173 A. at page 924).

"To accept plaintiff's contention that a service-connected disability pension is not conditioned upon honorable service would be to subscribe to the totally unacceptable proposition that a policeman could retain pension benefits after being convicted of a crime committed in flagrant disregard of his sworn duty to uphold the law. Discipline would vanish and morale decline. The resultant harm to the community would be immeasurable."

In the *Ballurio* case the court said that the character of a public pension necessarily leads to a conviction that honorable service is implicit in every pension enactment; that a pension is a bounty springing from the appreciation and graciousness of the sovereign; and that it is an inducement to conscientious, efficient and honorable service.

In the *Walter* case the opinion contains this language: "A pension is, in effect, but the taxpayers' reward, given pursuant to legislative mandate, for honest and efficient service. *Plunkett v. Pension Com'rs. of Hoboken,* 113 N.J.L. 230, 173 A. 923, affirmed 114 N.J.L. 273, 176 A. 341. To bestow that reward upon one whose record of public service is marred by a conviction for malfeasance in office would be to place a premium upon dishonesty and inefficiency; to burden the taxpayer with the necessity of providing for one who has betrayed the trust imposed upon him. Such a result will never be countenanced by any word, act, or judgment of this court."

This Court concurs in the view expressed by the New Jersey Supreme Court in the above quotation from its opinion in the *Walter* case.

This Court has repeatedly held that he who seeks relief by mandamus must show a clear legal right to the remedy. *State ex rel. Alexander v. The County Court of Kanawha County,* 147 W. Va. 693, 130 S. E. 2d 200; *State ex rel. Evans v. Kennedy,* 145 W. Va. 208, 115 S. E. 2d 73, and

380

the many cases cited in the opinion in that case. The petitioner has not satisfied that requirement in this proceeding.

The writ of mandamus prayed for by the petitioner is denied.

*Writ denied.*