PETER BYRNES ET AL., PLAINTIFFS-APPELLANTS, v. BOULEVARD COMMISSIONERS OF THE COUNTY OF HUDSON AND COUNTY OF HUDSON, DEFENDANTS-RESPONDENTS.

Argued October 21, 1938—Decided January 13, 1939.

■■■■■■■■■■■■■■■■

■■■■■■■■■■

For the plaintiffs-appellants, *Charles Hershenstein.*

For the defendants-respondents, *J. Emil Walscheid.*

The opinion of the court was delivered by

BODINE, J. The appeal is from a judgment of no cause of action. The case was tried before the court without a jury upon an agreed statement of facts.

The appellants held various positions under the Hudson County Boulevard Commission. One was head of the police department. The claim is made that in their discharge, under the circumstances to be related, rights insured under the Civil Service act (*R. S.* 11:19-2) were disregarded.

The legislature on April 22d, 1930, purported to abolish the offices of County Boulevard and Park Commissioners vesting their powers in a new County Park Commission, and provided for the appointment of the new commissioners by the governor. *Pamph. L.* 1930, *p.* 1092; *Id., p.* 1093. New park commissioners were appointed and qualified They obtained a judgment of ouster against the old boulevard and park commissioners. *McCarthy* v. *Walter,* 107 *N. J. L.* 223, this judgment being later reversed in the Court of Errors and Appeals. 108 *Id.* 282. The new commissioners, between the time the judgment of ouster was entered and before its reversal, discharged the appellants in the interest of an

efficient and economical administration of their office. After the determination by the Court of Errors and Appeals that the legislation was invalid, all the appellants were restored to the public service. The present action is prosecuted to recover the salaries unpaid during the period when they were out of work by reason of the discharge by the new commissioners.

The appellants rely for their recovery upon *Ross* v. *Freeholders,* 90 *N. J. L.* 522, a case involving the discharge by the sheriff of a jail guard in violation of the provisions of the Civil Service law. However, it was said in *State* v. *Toth,* 86 *Id.* 249: "The decision of the Supreme Court was the law of the state until reversed by the Court of Errors and Appeals, and acts done by officials in pursuance of the law thereby declared, prior to such reversal, are valid so far as they involve the interests of the public or third persons. *Flaucher* v. *Camden,* 56 *N. J. L.* 244; *Lang* v. *Bayonne,* 74 *Id.* 455." When the new park commission took office, pursuant to the Supreme Court judgment, their acts were valid in so far as they affected the appellants.

This court said in *Hyman* v. *Long Branch Kennel Club,* 115 *N. J. L.* 123 (at *p.* 127): "The question, and the only question, directly decided in *Lang* v. *Bayonne* was whether Lang could reverse his discharge as a policeman by a municipal board of commissioners, on the ground that said board had no status because organized under an allegedly unconstitutional statute. The Supreme Court held that he could not, because the board was at least *de facto,* exercising public functions under a color of right (73 *N. J. L.* 109). In this court, the single headnote to a somewhat lengthy opinion, reads as follows: 'An officer appointed under authority of a statute, to fill an office created by that statute is at least a *de facto* officer, and acts done by him antecedent to a judicial declaration that the statute is unconstitutional are valid, so far as they involve the interests of the public and of third persons.' This is all that was involved in the actual decision; and so far as the discussion in the opinion goes beyond it, such discussion was *obiter.*" The precise holding quoted

controls the present situation and has not been overruled, although the contrary view may obtain in other jurisdictions. *Norton* v. *Shelby County*, 118 *U. S.* 425. The duty is imposed upon courts to uphold their previous rulings, ever certain that desired changes may be effected promptly, when needed, by the representatives of the people.

The acts done by the new commission after the decision of the Supreme Court and before the adverse action in the Court of Errors and Appeals cannot be questioned by the appellants. The new commission during the interval mentioned was at least a *de facto* commission, exercising public function under a color of right and had the power to discharge the appellants in the interest of economy. *R. S.* 11:15-7, 11:22-9.

It is perhaps sufficient to say that the illegality of the dismissals, if not in the interest of economy, was never questioned by appeal to the Civil Service Commission. Nearly six years elapsed before the present suit was commenced. The act of the new commission in ordering the discharge was pursuant to law and unquestioned at the time. It may not now be challenged in the present action. Unless the appellants held an office or position they were not entitled to a salary. If their discharge was not illegal they were not entitled to the emoluments of an office or position.

The exhaustive and carefully prepared arguments of counsel have been fully considered but require no further discussion.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.