THE STATE, EX REL. JOHN MULSOFF, RELATOR, v.
EDWIN C. SLOAT, RESPONDENT.

Argued January 23, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the relator, *Burlew & Currie.*

For the respondent, *Merritt Lane.*

PER CURIAM.

This is an application for leave to file an information in the nature of *quo warranto,* by relator, as a citizen and taxpayer, under section 1 of the *Quo Warranto* act. 3 *Comp. Stat., p.* 4210.

On January 12th, 1926, the respondent was reappointed as a police officer of the borough of Matawan, and four days later, although there had not then been created any office such as chief of police or acting chief of police, he took an oath of office as chief of police and thereafter wore the uniform, &c., of that office.

On March 9th, 1926, an ordinance was adopted creating the office of acting chief of police. No one was appointed

to this position but the respondent continued to act as such and perform the duties of that office theretofore exercised by him. On May 8th, 1929, this ordinance was amended by creating the office of chief of police, and on the same day respondent was appointed to that position and has since been acting as such officer.

On April 13th and 14th, 1927, he was tried in the Monmouth County Quarter Sessions Court under an indictment charging him with assault and battery upon one Geran in August, 1926; such acts being committed in making the arrest of Geran, the respondent being charged with using excessive force in making such arrest. He was convicted and sentenced to pay a fine of $500 and costs. More than two years later, on September 17th and 19th, 1929, he was tried before the mayor and council, upon charges preferred by a citizen, one of which charges was that he had forfeited his office because of the conviction before referred to, and was acquitted. Now three and one-half years after his conviction at the Monmouth Quarter Sessions and three to four months after trial and acquittal before the mayor and council, the present application is made, at the request of a citizen who is a constable by appointment of the mayor and council of the borough.

The basis of the contemplated action is *Pamph. L.* 1913, *ch.* 74, *p.* 116, which provides:

"1. Any person holding an office, elective or appointive under this state, or any county or municipality thereof, who shall be convicted upon, or who shall plead guilty *non vult* or *nolo contendere* to, an indictment or allegation charging such person with the commission of a misdemeanor or high misdemeanor touching the administration of his office, or which involves moral turpitude shall forfeit such office and cease to hold the same from the date of such conviction or entry of such plea as aforesaid."

It would seem that under the plain language of this statute there can be no doubt but that respondent, automatically, upon his conviction, on April 14th, 1927, lost and forfeited the office he was then occupying which was that of member

of the police force and perhaps that of acting chief of police under the ordinance of March 9th, 1926; that ordinance being rather peculiar in its language in providing for the appointment of an acting chief "if upon the passage of this ordinance the borough has not already an acting chief of police, who may be selected from the members of the police force or not * * *."

On May 8th, 1928, this ordinance was amended, providing *inter alia:*

"(b) There shall be appointed an acting chief of police or a chief of police, if, upon the passage of this ordinance, there is not, already, an acting chief of police or chief of police appointed * * * and who, if upon the passage of this ordinance the borough has not already an acting chief of police or a chief of police, may be selected from the members of the police force or not * * *."

Upon the date of the adoption of this amendment, respondent was appointed chief of police and qualified by taking the oath of office.

Respondent urges that, assuming under *Pamph. L.* 1913, *supra,* he forfeited his office at the date of his conviction, April 14th, 1927, he again became an officer of the police department, as chief of police, subsequent to such forfeiture, and on May 8th, 1928, when he was appointed to the latter office and qualified, and that there is nothing in such statute which imposes a future or continuing disqualification to hold the same or any other office.

But the relator urges that the appointment of respondent to the office of chief of police on May 8th, 1928, has no force and advantages him in nowise because at the time of such appointment he was above the age of thirty-five years which is the maximum age for appointees as members and officers of police departments.

This would be so if the statute relied upon by the relator was effective. Respondent, however, urges that the situation as to this legislation is:

*Pamph. L.* 1915, *ch.* 373, *p.* 688, by section 2, fixes ages of such appointees at twenty-one to fifty-five years. By the

Home Rule act (2 *Cum. Supp. Comp. Stat.,* p. 2154, §§ *136–1604) this provision of the act of 1915 was carried into this act and by *Pamph. L.* 1917, *ch.* 204, *p.* 575 (at *p.* 665), the act of 1915, *supra,* was specifically repealed.

By *Pamph. L.* 1926, *ch.* 324, *p.* 600, the legislature attempted to amend section 2 of the repealed act of 1915, *supra,* by fixing the ages at twenty-one to thirty-five years. This was ineffective, being, constitutionally, inhibited. Again by *Pamph. L.* 1928, *ch.* 215, *p.* 387, there was a like, ineffective, and constitutionally prohibited, attempt to amend and revive this repealed act of 1915, *supra.*

This leaves paragraph 4, article 16 of the Home Rule act, as amended *Pamph. L.* 1920, *ch.* 184 (2 *Cum. Supp. Comp. Stat.,* §§ *136–1604) as the only valid existing legislation upon this subject and it fixes the age limits at twenty-one to fifty-five years. At least our attention has not been directed to any other legislation upon the subject.

This seems to be admitted by ·the relator, but he urges that this court will take judicial notice of the intention of the legislature to make these acts of 1926 and 1928, *supra,* amendments of the Home Rule act and not of the repealed act of 1915, *supra,* and cites in support thereof *Faulz* v. *Juvenile Court,* 6 *N. J. Mis. R.* 586, where it was held: "It is quite obvious from what has been stated that the statute in question is improperly designated as a supplement to the act of 1918, whereas it is a supplement to the act of 1912, since the statute of 1918 is simply an amendment to the act of 1912 and, therefore, became incorporated in that act. But this is not fatal to the validity of the statute." The situation there was radically different from that presented here, where the attempts are to revive, by amendment, a repealed statute in face of the prohibition of article 4, paragraph 4, section 7, of the state constitution: "No law shall be revived or amended by reference to its title only, but the act revived or the section or sections amended shall be inserted at length."

Apart from this, however, this court has a wide and broad discretion in granting or withholding its permission to a

desiring relator under the *Quo Warranto* act. *Mitchell* v. *Tolan,* 33 *N. J. L.* 195; *Housman* v. *Earle,* 98 *Id.* 379; *Reihl* v. *Wynne,* 105 *Id.* 507.

It seems to us that the present case is one distinctly calling for the exercise of sound discretion resulting in a denial of the permission prayed for.

In the first place there is great doubt that the relator would be successful in his proposed action and therefore no good purpose would be served but on the contrary public anger would be excited and municipal turmoil would be created.

In the second place the municipal authorities of the borough have for some reason, which we must assume was good and substantial, refrained from taking steps to oust the respondent and they are taking no part in the present proceeding.

Finally, and although very guarded language is employed, and the relator protests that he makes no claim to the office held by respondent, yet the stipulation of facts shows that he "is a marshall of the borough of Matawan, and a constable of the county of Monmouth. He has been such for many years. Prior to 1925 he was practically the only such officer so acting in the borough of Matawan. Since that time his duties have been taken over by special officers working full time and more recently by the organized police force of said borough, which organization was effected on March 9th, 1926."

This strongly raises the question as to whether the relator is moved, in his proposed proceeding, by a *bona fide* desire to serve the public or rather by a personal and selfish desire either to secure for himself the position from which he seeks to oust the respondent or, if not, that then to satisfy a desire for retribution against the governing body of the borough.

The leave prayed for is denied.