WILLIAM P. WALTER, PROSECUTOR, v. POLICE AND FIRE PENSION COMMISSION OF THE CITY OF TRENTON, RESPONDENT.

Submitted January 18, 1938—Decided April 5, 1938.

Before Justices Bodine and Perskie.

For the prosecutor, *Joseph A. Murphy* (*Louis B. Levine,* of counsel).

For the respondent, *Sidney Goldmann.*

The opinion of the court was delivered by

Perskie, J.   Does a police officer, who continues in service after having served twenty years and after having attained the age of fifty years, forfeit his right to a pension under 2 *Rev. Stat.* 43:16-1 (*Pamph. L.* 1920, *ch.* 160, *p.* 324), by reason of his conviction for malfeasance in office, the malfeasance having occurred after the police officer had become eligible for the pension?   We think so.

On January 6th, 1904, prosecutor was appointed to the police department of the city of Trenton.   On the 25th day of February, 1930, he had attained the age of fifty years and had served honorably for twenty years.   During this service two per centum of every payment of his salary had been deducted and paid by the treasurer of the city of Trenton into the police and fire pension fund.   Thus he became eligible for retirement and pension.   2 *Rev. Stat. supra,* 43:16-1.   *Pamph. L.* 1920, *ch.* 160, *p.* 324.   Nonetheless, prosecutor made no application for a pension but continued to serve as a member of the police department, and the two per centum deduction from his salary also continued.   On March 20th, 1935, he was notified that his office was forfeited pursuant to the provisions of 1 *Rev. Stat. supra,* 2:160-9 (*Pamph. L.* 1913, *ch.* 74, *p.* 116), because he had been convicted upon an indictment charging him with malfeasance in office.   See *State* v. *Walter,* 14 *N. J. Mis. R.* 547; 186 *Atl. Rep.* 429; *affirmed,* 117 *N. J. L.* 547; 189 *Atl. Rep.* 621.

Some two years later, on March 15th, 1937, prosecutor applied in writing for a pension to the police and fire pension commission of the city of Trenton.   This application was

rejected on April 22d, 1937, upon the ground that the applicant had been dismissed and was not a member of the police department when the application was made. We are told that prosecutor then applied to Mr. Justice Trenchard for a writ of *certiorari* to review the action of the pension commission. This application was denied on October 26th, 1937, and it is now renewed before us.

*First:* Passing over the question of laches upon which the denial of the application might well be rested, we are entirely satisfied that it should be denied on the merits. It is clear that, under 2 *Rev. Stat.* 43:16-1 (*Pamph. L.* 1920, *ch.* 160, *p.* 324), in order for an officer to retire with pension, he must have been a member of the police department at the time his application is made. And it is equally clear that this prosecutor was not, on March 15th, 1937, when he applied for a pension, a member of the police department of the city of Trenton. His office had been forfeited on March 20th, 1935, because of his conviction for malfeasance in office. 1 *Rev. Stat.* 2:160-9. *Pamph. L.* 1913, *supra.* Nor, as is contended for him, was procscutor's dismissal from office void either first because no judgment of forfeiture was pronounced (*Cf. Clark* v. *Ennis,* 45 *N. J. L.* 69), or secondly, because 1 *Rev. Stat.* 2:160-9 (*Pamph. L.* 1913, *supra*) has allegedly been repealed by 2 *Rev. Stat.* 43:11-1. *Pamph. L.* 1919, *ch.* 244, *p.* 587. For, in the first place, we have held that in cases such as this, a conviction automatically works a loss and forfeiture of office (*Mulsoff* v. *Sloat,* 8 *N. J. Mis. R.* 554, 555; 151 *Atl. Rep.* 113); and secondly, 2 *Rev. Stat.* 43:11-1 (*Pamph. L.* 1919, *supra*) does not have the efficacy claimed for it, since the statute specifically provides that: "* * * A member of the department found guilty before a court of competent jurisdiction of having committed a crime *may be dismissed* or punished *in any manner provided by law."* (Underscoring supplied.) The "manner provided by law" is that stated in 1 *Rev. Stat.* 2:160-9. *Pamph. L.* 1913, *supra.* And it was by reason of, and in accordance with, the provisions of this statute that prosecutor was dismissed from office.

*Second:* Deductions from salary, moreover, create no vested right to a pension. *Bader* v. *Crone,* 116 *N. J. L.* 329; 184 *Atl. Rep.* 346. A pension is, in effect, but the taxpayers' reward, given pursuant to legislative mandate, for honest and efficient service. *Plunkett* v. *Pension Commissioners of Hoboken,* 113 *N. J. L.* 230; 173 *Atl. Rep.* 923; *affirmed,* 114 *N. J. L.* 273; 176 *Atl. Rep.* 341. To bestow that reward upon one whose record of public service is marred by a conviction for malfeasance in office would be to place a premium upon dishonesty and inefficiency; to burden. the taxpayer with the necessity of providing for one who has betrayed the trust imposed upon him. Such a result will never be countenanced by any word, act, or judgment of this court.

Accordingly, the application for *certiorari* is denied, with costs.