27 N.J. Super. 113 (1953)
98 A.2d 902
JAMES L. BALLURIO, PLAINTIFF,
v.
ALBERT CASTELLINI, DIRECTOR OF STREETS, ROADS AND PUBLIC PROPERTY OF THE CITY OF VINELAND, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE CITY OF VINELAND, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 30, 1953.
*114 Mr. M. Joseph Greenblatt (Messrs. Greenblatt & Greenblatt), attorneys for the plaintiff.
Mr. D.J. Novaria, attorney for the defendants.
WOODS, J.S.C.
The plaintiff, James L. Ballurio, has been an employee of the County of Cumberland, the Borough of Vineland and the City of Vineland for an aggregate period of 25 years. He was an employee of the County of Cumberland from November 5, 1927 until December 31, 1944. From January 1, 1945 until July 1, 1952 he was an employee of the Borough of Vineland, and when Vineland Borough became merged with the Township of Landis (July 1, 1952) he continued as an employee of the merged municipality (the City of Vineland) until March 31, 1953. He alleges that on July 30, 1952 he attained the age of 62 years. He is a veteran and was honorably discharged on *115 May 28, 1919. The last job he held with the City of Vineland was foreman of the street department.
On March 30, 1953 he filed a written request for retirement to take effect April 1, 1953 and for pension pursuant to the provision of R.S. 43:4-1 et seq. with the city clerk of the City of Vineland. Upon learning that the director of streets, roads and public property was the proper person to notify of his request for retirement, he served a notice dated April 8, 1953 requesting retirement and pension effective April 8, 1953, on Albert Castellini, the director. R.S. 43:4-1 provides:
"This chapter shall apply to and include persons serving in and honorably discharged from the military or naval service of the United States, including nurses, in any war in which the United States is or has been engaged and in connection with the American punitive expedition or other intervention campaign or trouble with the Republic of Mexico during the administration of President Woodrow Wilson; provided, such designated persons shall have attained the age of sixty-two years or become incapacitated after twenty years of continuous or aggregate service for the duties of their office or position or employment."
Also, R.S. 43:4-2 provides, in part, as follows:
"When an honorably discharged soldier, sailor or marine has or shall have been for twenty years continuously or in the aggregate in office, position or employment of this State or of a county, municipality or school district or board of education, the body, board or officer having power to appoint his successor in case of vacancy may, with his assent, order his retirement from such service, or he shall be retired on his own request."
Neither the municipal council nor the director of streets, roads and public property has acted upon plaintiff's request and he brings this action to obtain an order directing either of the defendants to act upon his retirement and directing the City of Vineland to pay him one-half of his annual compensation of $4,500 for the term of his life pursuant to the provisions of the statute R.S. 43:4-3, which provides, inter alia, as follows:
"A person so retired shall be entitled, for and during his natural life, to receive by way of pension, one-half of the compensation *116 then being received by him for his service, which shall be paid in the same way and in the same installments as his compensation has been payable."
The defendants admit all the allegations of the complaint with the following exceptions:
1. Plaintiff's age at the time of his application.
2. That the plaintiff is entitled to a pension as a matter of law.
Testimony was taken on June 2, 1953 and counsel have filed briefs.
It appears that on April 2, 1953 the plaintiff was served with a notice from the director of streets, roads and public property which read in part as follows:
"You are hereby suspended as of eight A.M., March 31, 1953, for a period of 30 days for the following reasons: You have been arrested and are being held for Grand Jury on the charge of committing the crime of abortion and, further, you are charged with conspiring to commit abortion and thereby your conduct is unbecoming an employee in the public service."
The notice also stated
"You are subject to removal."
And it gives notice that
"The hearing will be held at 10 A.M., Thursday, April 23, 1953, at City Hall, Vineland, New Jersey."
It was after the receipt of this notice, that the plaintiff served upon the director of streets, roads and public property his request for retirement and pension as of April 8, 1953.
On May 5, 1953 a notice was served upon the plaintiff by the defendant, Albert Castellini, director of streets, roads and public property, whereon appears the following:
"Under date of April 2, 1953, notice was sent to you stating that pending a hearing you had been suspended for 30 days as of March 31, 1953, for the following reasons: `You have been arrested and *117 are being held for the Grand Jury on the charge of committing the crime of abortion; and, further, are charged with conspiring to commit abortion and thereby your conduct is unbecoming an employee in the public service.' On April 23, 1953, a hearing was held at which time you presented your defense of the above charges. Your explanations are not considered satisfactory and you are, accordingly, hereby notified that the following disciplinary action has been taken against you: Suspended until the final determination of the criminal charges NOW PENDING against you in the Gloucester County Court." (Emphasis the court's)
At the time these proceedings were instituted on April 22, 1953, and up to the date of the trial on June 2, 1953, the plaintiff had not been convicted, nor had he entered a plea to the crimes with which he was indicted by the Gloucester County Grand Jury. N.J.S. 2A:135-9 provides as follows:
"Any person holding an office or position, elective or appointive, under the government of this state or of any agency or political subdivision thereof, who is convicted upon, or pleads guilty, non vult or nolo contendere to, an indictment, accusation or complaint charging him with the commission of a misdemeanor or high misdemeanor touching the administration of his office or position, or which involves moral turpitude, shall forfeit his office or position and cease to hold it from the date of his conviction or entry of plea. If the conviction of such officer be reversed, he shall be restored to his office or position with all the rights and emoluments thereof from the date of the forfeiture."
The plaintiff was not dismissed; he was suspended as a disciplinary measure after hearing on April 23, 1953. Until the final determination of the criminal charges, the court is of the opinion that the Director of streets, roads and public property and the city council of the City of Vineland has the right to hold in abeyance any action on plaintiff's request for retirement and pension under R.S. 43:4-1 et seq. Should he be found guilty, his position would be forfeited N.J.S. 2A:135-9.
As before stated, the defendants resist the request of the plaintiff on two grounds: (a) Age requirement under the statute; (b) status of employment of the plaintiff at the time he requested retirement.
*118 As to the age qualification, defendants argue that (1) the plaintiff failed to obtain a birth certificate; (2) did not show a record of entry to this country; (3) no school records to assist in convincing the court; (4) naturalization records. However, in the face of positive testimony of plaintiff's sister, Mary Ricca, plaintiff's honorable discharge, employment records, insurance policy, marriage license and record, plaintiff's and his wife's testimony, the court is satisfied that plaintiff, by convincing proof, has met this objection.
It is with the second point raised that this court must wrestle. The court finds that at the time plaintiff applied for retirement he was an employee with the position of foreman of the street department; that he at the time was suspended on conditions hereinbefore stated; that he had a hearing and was served with notice that his suspension would continue until "the final determination of the criminal charges now pending against you in the Gloucester County Court." This was the order of the director of streets, roads and public property of the City of Vineland. Under civil service this was the director's duty. This posture of plaintiff's relationship then poses the question: Was it the duty of the director mentioned to order his retirement as requested by the plaintiff? Such action, if taken, was the condition precedent to placing plaintiff on the retirement list to receive one-half of his salary for life.
The case of McFeely v. Board of Pension Commissioners, 1 N.J. 212 (1948), in an opinion given by Justice Heher, holds:
"While in some jurisdictions there is a specific statutory provision that action upon the application for a pension of this class shall be deferred until the disposition of a pending indictment against the claimant, there is none such in this state. Yet it is implicit in the statute that, in aid of the performance of their duty to determine the existence of the prerequisite condition of honorable service, these tribunals may, and in most cases should, certainly so where the offense charged involves moral turpitude, stay action upon the pension claim awaiting the trial or other disposition of a pending indictment against the claimant; and, possessing as they do, in analogy to the authority of courts of general jurisdiction at common law, the inherent power of reconsideration, they may also, *119 in the exercise of a sound discretion, vacate a pension grant and suspend further action on the claim until a pending indictment against the claimant is finally determined. This power arises by necessary implication to serve the statutory policy. Inadvertent or premature or clearly erroneous action is not put beyond corrective measures by the tribunal itself. Apart from the inherent power of judicial tribunals, on their own motion, to correct injustice and prevent fraud or imposition upon the law, there is the added consideration that conviction of a misdemeanor touching the administration of one's office, or which involves moral turpitude, results in a forfeiture of the office. R.S. 2:160-9." (Now N.J.S. 2A:135-9)
A public officer or employee is not entitled to a pension as of right. Restaino v. Board of Commissioners of City of Newark, 16 N.J. Misc. 266, 198 A. 765 (Cir. Ct. 1938). See also Walter v. Police and Fire Pension Commission of the City of Trenton, 120 N.J.L. 39, at p. 42, 198 A. 383 (Sup. Ct. 1938) in which Justice Perskie held as follows: "A pension is, in effect, but the taxpayers' reward, given pursuant to legislative mandate, for honest and efficient service. Plunkett v. Pension Commissioners of Hoboken, 113 N.J.L. 230, 173 A. 923 [Sup. Ct. 1934], affirmed 114 N.J.L. 273, 176 A. 341 [E. & A. 1935]."
While R.S. 43:4-1 et seq. does not make honorable service a condition precedent for the right of the applicant to qualify for pension, we agree with Justice Perskie, Walter v. Police & Fire Pension Comm. of Trenton, 120 N.J.L. 39 (Sup. Ct. 1938) when he said:
"To bestow that reward (pension) upon one whose record of public service is marred by a conviction for malfeasance in office [we might say  upon one charged with moral turpitude while in office] would be to place a premium upon dishonesty and inefficiency; to burden the taxpayer with the necessity of providing for one who has betrayed the trust imposed upon him. Such a result will never be countenanced by any word, act, or judgment of this court."
At this juncture then, is the plaintiff entitled to mandamus ordering and directing the director of streets, roads and public property to grant his retirement and ordering and directing the City of Vineland to pay him one-half of his annual salary for the term of his natural *120 life? The answer must be in the negative. Such request in the light of the statutes was premature under the position plaintiff found himself placed. If acquitted, he will be so entitled. On the other hand, if convicted of the crime charged, or if he should plead non vult or nolo contendere, his request would necessarily be denied.
This action was brought under Rule 3:81-1, an action in lieu of a prerogative writ, and is in the nature of mandamus. The writ of mandamus is denied. Judgment for the defendants.