87 N.J. Super. 187 (1965)
208 A.2d 440
BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM, A PART OF THE DIVISION OF PENSIONS IN THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
BOARD OF FREEHOLDERS OF THE COUNTY OF WARREN, STATE OF NEW JERSEY, AND JAMES SHAW, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 22, 1965.
*189 Mr. Richard F. Aronsohn, Deputy Attorney General, for plaintiff (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
Mr. Archie Roth for defendant Board of Freeholders.
PAULIS, J.C.C. (temporarily assigned).
This is an action in lieu of prerogative writs to compel the County of Warren to contribute an additional sum of money to the Public Employees' Retirement System of the State of New Jersey in behalf of James Shaw, who retired as a supervisor of court reporters from Passaic, Sussex, Morris and Warren Counties. The matter comes on before me on a stipulation of facts and cross-motions for summary judgment.
The facts stipulated might be set forth as follows: Shaw was first employed by Passaic County from October 1, 1927. He was appointed supervisor of Official stenographic reporters for Passaic and Sussex Counties by order of the Superior Court on January 26, 1950, pursuant to law. His vicinage was expanded to Morris County September 16, 1954, and to Warren County on January 1, 1959.
Meanwhile, on March 1, 1949 Shaw enrolled in the Public Employees' Retirement System and purchased credit in the system back to October 1, 1927.
On November 16, 1961 Shaw made application for retirement, effective February 1, 1962. At the March 1962 meeting of the Board of Trustees of the Public Employees' Retirement System Shaw's retirement was approved as a multiple employee, subject to retroactive allowance being increased if and when the deficiency of $23,707.40 in the Retirement Reserve Fund was restored on a unitary basis, rather than a multiple basis. This means that contributions by each county would be *190 made on the basis of total years employed  not by his employment in each county, but by the total years of his employment.
The suit was instituted by the Board of Trustees of the Public Employees' Retirement System, joining Shaw and the Warren County Board of Freeholders as defendants.
The interests of Shaw and the Board of Trustees seem to be similar, and Shaw relies upon the factual contentions and the law as cited in the briefs filed by plaintiff. Thus, Shaw, for the purposes of this suit, can be classified as a plaintiff, and the rules of the court permit liberal amendment of the pleadings in such case made and provided.
In order to follow plaintiff's theory, the freeholder board would have to pay a substantial sum, which is in excess of the amount paid by the County of Warren to Shaw as its share of the salary paid to him.
The freeholder board, as a defense, maintains mainly that this is contrary to the legislative intent in that the Legislature did not intend that Warren County should contribute to the retirement reserve more than Shaw earned as a salary. This is the main question before me.
It seems, and I find as a fact, that Shaw applied for admission into the Public Employees' Retirement System and was accepted as a multiple enrollee. Therefore, contributions to the contingent reserve were based on a certain formula. N.J.S. 2A:11-16, which was passed in 1948, read as follows:

"* * * * * * * *
(c) Where a reporter is employed in more than one county, or in a part or parts of the chancery division of the superior court having a vicinage embracing more than one county, the director shall apportion to each of said counties the payment of such part of the reporter's annual salary as the population of such county bears to the population of all of said counties according to the latest federal census. The director shall file a certificate with the treasurer of each of said counties designating the reporter and the amount of his annual salary apportioned to the particular county, and shall also file a duplicate thereof with the state comptroller. The county treasurer shall pay the part of such annual salary so apportioned to his particular county, as provided in paragraph (a) of this section.

*191 * * * * * * * *
(i) Reporters shall be deemed to be state employees eligible for membership in the state employees' retirement system; except, however, that reporters who have heretofore become members of any county employees' retirement system pursuant to chapter 160 of the laws of 1943 (C. 43:10-18.1  43:10-18.25), shall continue therein as county employees for the purposes of that enactment." (Emphasis supplied)
On March 1, 1949 Shaw became a member of the State Employment Retirement System pursuant to N.J.S.A. 43:15A-9. The question, therefore, is whether he thereby becomes a unitary employee or a multiple employee. I believe that Shaw, pursuant to the said statute, is a unitary employee, and that his enrollment as a multiple enrollee was erroneous. However, his enrollment in the Public Employees' Retirement System was a voluntary act.
The status of the court reporter as a state employee for purposes of the Public Employees' Retirement System is clearly established in N.J.S. 2A:11-16, which states: "Reporters shall be deemed to be state employees eligible for membership in the state employees' retirement system * * *." For purposes of determining the beneficiary's rights under N.J.S.A. 43:15A-6 et seq., he must therefore be deemed an employee of one single employer  the State of New Jersey. The Legislature was cognizant of the fact that his salary might be paid by other political subdivisions. This awareness is evidenced in the provisions of N.J.S. 2A:11-16(c), as well as in N.J.S.A. 43:15A-79, entitled, "State employees paid by county or municipality; membership in Public Employees' Retirement System."
The provisions of N.J.S. 2A:11-16, as well as the very existence of N.J.S.A. 43:15A-79, indicate that the Legislature intended court reporters to be treated as employees with but one employer for purposes of the Retirement System. Nowhere in the act can any support be found for classifying a court reporter paid by various counties as a multiple employee for pension purposes. If this were the case, a state employee's pension rights would be dependent upon his territorial *192 assignments which, in turn, are dependent upon the will of the Administrative Director of the Courts. A reading of the entire statute seems to lead to the inescapable conclusion that, for pension purposes, all state employees similarly situated should reap similar benefits. Therefore, the pension rights of this reporter must be calculated upon the basis of unitary rather than multiple employment.
Calculations of pension rights on the basis of unitary rather than multiple employment result in the creation of a deficiency of $21,861.32 in the reserves required for payment of a full pension. This reserve must exist if the retirement system is to be liable for the payment of the total allowable pension. N.J.S.A. 43:15A-70.
The crucial issue, the issue causing the greatest difficulty here, is upon whom the financial burden of curing this deficiency is to be placed. Should it be the State of New Jersey, Shaw himself, or the four counties who paid his wages over the years? If it is to be these four counties, then in what proportion should they contribute, and why?
It should be noted initially that this deficiency is not technically what is termed in the act an "accrued liability." Pursuant to N.J.S.A. 43:15A-66 an accrued liability arises when an employer other than the State commences to participate in the plan and the employees of such employer subsequently obtain prior service credit. The employer's obligation on account of such credit is known as accrued liability. The employer in the instant case having been determined to be the State, this section does not apply. Further, this accrued liability bears no relation to a deficiency created as a result of an erroneous determination of the Board of Trustees of the Pension Fund.
Secondly, it is clear that this deficiency must be made up if Mr. Shaw's total allowable pension is to be paid him. N.J.S.A. 43:15A-70.
There exist two separate provisions whereby a state employee may purchase credit in this system. N.J.S.A. 43:15A-9 provides the means whereby former state employees *193 may join the retirement system and obtain credit for their former state service. The application of this provision to former state employees is evidenced by its qualification of the word "person" by the phrase, "who did not join the former `State Employees' Retirement System.'"
Thus, if we assume, arguendo, that Shaw was a former state employee who elected under N.J.S.A. 43:15A-9 to become a member of the Retirement System, what would have been the duty of the State to the system? This obligation is not specifically set forth in the act. However, it can be implied from the provision of N.J.S.A. 43:15A-24  "Contingent Reserve Fund"  that payments would be required to be made by the State.
Thus, if Shaw had been a state employee purchasing credit for prior state employment pursuant to N.J.S.A. 43:15A-9, the State itself would be required to make up the deficiency.
The second provision applicable to persons desiring to become members of the Retirement System and purchasing credit for former service is to be found in N.J.S.A. 43:15A-128. By virtue of N.J.S. 2A:11-16, Shaw is now a state employee. If he was formerly in the service of a county or a municipality, he is permitted to purchase prior service credit for the years of such service. However, if he chooses to avail himself of this privilege, it must be taken along with its burdens.
The act states that such a person, "shall be entitled to purchase prior service credit for the years of such county and municipal service or either thereof; but the said county or municipality shall not be liable for any payments to the system by reason of the said member's purchase of benefits under this act and any and all contributions required hereunder shall be made by the member." (Emphasis supplied)
This seems a clearly expressed legislative policy to protect the counties and municipalities from claims by the Pension Fund for reserve deficiencies created by a former employee's becoming a state employee and electing to purchase prior service credit. Thus, deficiencies created in reserves by Shaw's *194 election to become a member of the Retirement System cannot be assessed to any county.
A public officer or employee is not entitled to pension as of right. Restaino v. Board of Commissioners of Newark, 16 N.J. Misc. 266, 198 A. 765 (Cir. Ct. 1938). A pension is, in effect, by the taxpayers regarded as given pursuant to legislative mandate, for honest and efficient service. Walter v. Police & Fire Pension Commission of Trenton, 120 N.J.L. 39 (Sup. Ct. 1938). It is delayed wages or salary to compensate the employee, during his declining years when he is likely to be less productive, for his long and faithful service. Salz v. State House Commission, 18 N.J. 106 (1955).
The courts must give effect to words used by the Legislature, according to the clear and plain meaning they ordinarily import. Matthews v. Irvington Board of Education, 31 N.J. Super. 292, 296 (App. Div. 1954).
It is clear to me that the Legislature never intended for the County of Warren to be responsible for a pension to Shaw that would be in excess of the amount paid to him as a salary. Rather, it intended that either the State or Shaw be responsible for any deficiencies.
Therefore, I order judgment in favor of the Board of Freeholders of the County of Warren, and dismiss the motion of the Board of Trustees of the Public Employees' Retirement System.