BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES' RE-
TIREMENT SYSTEM, A PART OF THE DIVISION OF
PENSIONS IN THE DEPARTMENT OF THE TREASURY
OF THE STATE OF NEW JERSEY, PLAINTIFF-APPEL-
LANT, v. BOARD OF FREEHOLDERS OF THE COUNTY
OF WARREN, STATE OF NEW JERSEY, AND JAMES
SHAW, DEFENDANTS-RESPONDENTS.

Argued January 24, 1966—Decided May 2, 1966.

Mr. *Richard Newman,* Deputy Attorney General, argued the cause for appellant (*Mr. Richard F. Aronsohn,* Deputy Attorney General, of counsel and on the brief; *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

Mr. *Archie Roth* argued the cause for respondent Board of Freeholders.

Mr. *Lawrence Diamond,* counsel for respondent James Shaw (*Messrs. Diamond and Karas,* attorneys).

The opinion of the court was delivered

PER CURIAM. The issue is whether the County of Warren is liable for certain contributions demanded by the Board of Trustees of the Public Employees' Retirement System with respect to a supervisor of official court reporters for Passaic, Sussex, Morris and Warren Counties who was retired on February 1, 1962. The trial court found for the County of Warren, 87 *N. J. Super.* 187 (*Law Div.* 1965), and we certified the appeal of the Board of Trustees before the Appellate Division heard it.

The Attorney General, upon further consideration of the case, concedes that Warren County should not be subjected to the claim here made against it, but not for the reasons given by the trial court. It is pointed out that the employee in question enrolled in the pension fund in 1949; that he purchased additional membership credit back to the year 1927,

as he was entitled to do; that the employer contributions with respect to such additional membership credit is reflected in the normal rate of contribution paid by all local employers; that during the period from 1957 to the date of the employee's retirement, the Retirement System failed to note in its reports to the actuary the equated date 1927 of the employee's membership credit, and hence the employer liability with respect to that earlier period was not reflected in the normal rate of contribution payable by all local employers in those years. In the light of the statutory scheme, the Attorney General concedes the previously omitted liability should be reflected in the normal contribution rate hereafter payable by all local employers; that all deficiencies assessed against any of the counties here concerned and paid by them with respect to this pensioner should be refunded to the said counties, without interest; and that retroactive adjustment should be made to the pensioner to provide the full retirement benefits to which he became entitled on a unitary basis upon his retirement. The Attorney General's position appears to be sound and hence the judgment is affirmed. No costs.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO.—6.

*For reversal*—None.