IN THE MATTER OF BERTHA WARGO, HELEN M. LEE, ALBERT R. AGOSTINE, PAUL R. BURNS AND JEROME ROSE.

Superior Court of New Jersey
Appellate Division

Argued November 29, 1988—Decided December 21, 1988.

Before Judges DREIER, HAVEY and BROCHIN.

*Michael H. Hochman* argued the cause for appellants (*Miller, Hochman, Meyerson & Schwartz,* attorneys; *Michael H. Hochman,* on the brief).

*Lewis A. Scheindlin,* Deputy Attorney General argued the cause for respondent (*W. Cary Edwards,* Attorney General of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel, *Lewis A. Scheindlin,* on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Claimants, Albert R. Agostine, Paul R. Burns and Jerome Rose [1] have appealed from the final decision of the Department of Personnel. The agency determined that the portion of their unused sick time, accrued during that part of their tenure as Official Court Reporters when they were paid by the County in which they served, was ineligible for reimbursement upon retirement under *N.J.S.A.* 11A:6–16.[2] Each of the claimants

---

[1] Two other claimants who had served as judicial secretaries advanced claims which were similarly denied. They have not, however, appealed that determination.

[2] *N.J.S.A.* 11A:6–16 reads:

served an Official Court Reporter since 1962. For the period 1962 to 1967 they were paid by the treasurers of the counties in which they served. From 1967 on, Official Court Reporters have all been paid by the State, and the State has recognized any unused sick time during this latter period as qualifying for cash benefits on retirement.

There is no question that the court reporters, during their "county" tenure, were to receive State pension benefits. *N.J.S. A.* 2A:11–16i (as it read under the 1948 Act, before the 1967 amendment); *Board of Trustees, etc. v. Bd. of Freeholders of Warren Co.*, 87 *N.J.Super.* 187 (Law Div.1965), aff'd 47 *N.J.* 132 (1966). While we have been informed that the reimbursement for unused sick time is not paid as a pension benefit,[3] the wording of *N.J.S.A.* 11A:6–16 (and its predecessor, *N.J.S.A.* 11:14–9), provides that entitlement to payment for unused sick leave is dependent upon the employee being a "State employee" retiring "from a State-administered retirement system." Therefore, since the latter condition is satisfied, the only issue here is whether the requirement that each plaintiff be a "State employee" at the time of the original accrual of the benefits has been met.

Both before and after the 1967 amendment to *N.J.S.A.* 2A:11–16, Official Court Reporters were "deemed to be state employees eligible for membership in the state employees'

---

State employees in the career service, and those in the senior executive and unclassified services who have been granted sick leave under terms and conditions similar to career service employees, shall be entitled upon retirement from a State-administered retirement system to receive a lump sum payment as supplemental compensation for each full day of accumulated sick leave which is credited on the effective date of retirement. Administrative regulations govern the amount of payment. *See N.J.A.C.* 4:5–1.1 *et seq.* and 4:2–26.2 and .9 now recodified as *N.J.A.C.* 4A:6–1.3, 3.1 and 3.3.

[3]The Attorney General has supplied this court with a copy of *L.*1988, *c.* 47, account 9430–100–05660–50, allocating such payments to "salary and other benefits."

retirement system." *N.J.S.A.* 2A:11–16i [as it read under the 1948 Act, before the 1967 amendment]. During this period court reporters were subject to regulation only by the State Administrative Office of the Courts. *N.J.S.A.* 2A:11–13(a).

In *N.J.S.A.* 2A:11–16(g), the 1948 Act further provided that at least one-third of each reporter's salary was to be refunded to each county treasurer by the State Treasurer. As time went on, the State reimbursement of court reporters' salaries greatly exceeded the one-third share, as the statute then provided that the State Treasurer was to refund to the county

> such amount as shall be needed to insure that the net costs of court reporters to such county, under this article, for any year beginning July 1st and ending on the following July 30th, shall not exceed the net cost to such county for court reporters for the year beginning July 1, 1947, and ending June 30, 1948.

Since we can take notice of both the increase in cost of living (and the consequent increase in reporters' pay) and the increase of judicial business between the 1947–1948 court year and the 1962 through 1967 court years, which are the subject of this appeal, the State apparently was responsible for the major share of court reporting expenses during claimants' initial years of service. Certainly any additional costs for substitute court reporters needed to fill in for plaintiffs when they were sick would have fallen within the State-reimbursed expense. Thus when the reporters did not use their alloted sick time, the State, not the counties, was the entity that benefited.

We conclude therefore that during the period in question an Official Court Reporter was a State employee, under a State pension system and subject to the direction of the State courts. In fact, the burden of paying a substantial portion of the reporters' salary fell on the State. The counties were merely remitting agents. Under these circumstances it would be incongruous to hold the State free from responsibility to pay for unused sick time.

The decision of the Department of Personnel is reversed, and the matter is remanded to the Department with a direction to credit the unused "county" sick time to claimants' State service

for the purpose of calculating the payments to be made under *N.J.S.A.* 11A:6–16.