328 S.E.2d 514

**Mario J. MIZELL**

**v.**

**Phyllis J. RUTLEDGE, Clerk of the Circuit Court of Kanawha County; Board of Review of the West Virginia Department of Employment Security, J.F. McClanahan, as Chairman, C.C. Elmore, Jr. and Gregory E. Elliott, as Members; Nyle B. Hughes, as Commissioner; and Hospital Corporation of America, Employer.**

**Albert F. ENNIS, Jr.**

**v.**

**Phyllis J. RUTLEDGE, Clerk of the Circuit Court of Kanawha County; Board of Review of the West Virginia Department of Employment Security, J.F. McClanahan, as Chairman, C.C. Elmore, Jr. and Gregory E. Elliott, as Members; Nyle B. Hughes, as Commissioner; and Tri-Bro., Inc., Employer.**

**Ernest SCHEUVRONT**

**v.**

**Phyllis J. RUTLEDGE, Clerk of the Circuit Court of Kanawha County; Board of Review of the West Virginia Department of Employment Security, J.F. McClanahan, as Chairman, C.C. Elmore, Jr. and Gregory E. Elliott, as Members; Nyle B. Hughes, as Commissioner; and Beverage Distributors, Inc., Employer.**

**Samuel VANCE**

**v.**

**Phyllis J. RUTLEDGE, Clerk of the Circuit Court of Kanawha County; Board of Review of the West Virginia Department of Employment Security, J.F. McClanahan, as Chairman, C.C. Elmore, Jr. and Gregory E. Elliott, as Members; Nyle B. Hughes, as Commissioner; and Island Creek Coal Company, Employer.**

Nos. 16385, 16383, 16384 and 16386.

Supreme Court of Appeals of West Virginia.

March 28, 1985.

Susan P. Moser, W.V. Legal Services Plan, Inc., Wheeling, Brough A. Jones, W.V. Legal Svcs. Plan, Inc., Clarksburg, for appellants in Nos. 16383 and 16384.

Andrew N. Richardson, Dept. of Employment Sec., Charleston, for appellees.

Michael E. Froble; Recht & Johnson, Wheeling, for Tri-Bro., Inc.

Kathleen G. Dolan, Appalachian Research & Defense Fund, Princeton, for appellant in No. 16385.

John P. Scherer; File, Payne, Scherer & Brown, Beckley, for Hosp. Corp.

Teresa McCune, Williamson, Kathleen G. Dolan, Appalachian Research & Defense Fund, Princeton, for appellant in No. 16386.

McHUGH, Justice:

These cases, Nos. 16385, 16383, 16384 and 16386, involve the same issue and have been consolidated by order of this Court for the purpose of resolution. They are before this Court upon the appeals of Mar-

io J. Mizell, Albert F. Ennis, Jr., Ernest Scheuvront, and Samuel Vance, respectively, from final orders of the Circuit Court of Kanawha County wherein that court affirmed determinations by the Board of Review of the West Virginia Department of Employment Security that the appellants were ineligible to receive extended unemployment compensation benefits under chapter 21A, article 6A of the West Virginia Code.

In 1982, Mario J. Mizell, Albert F. Ennis and Ernest Scheuvront were all discharged from their respective employment for alleged misconduct. Upon filing claims for unemployment compensation benefits, they all received notices of deputy commissioners' decisions that they were eligible for benefits but temporarily disqualified from receiving such benefits due to their alleged discharges for misconduct. For various reasons, the appellants failed to appeal the deputies' decisions within the prescribed statutory period. In any event, upon expiration of the disqualification period, Mizell, Ennis and Scheuvront all began receiving regular benefits.

In the case involving Samuel Vance, the appellant had been laid off from his employment in early 1982 and filed a claim for unemployment compensation benefits. By a notice of the decision of a deputy commissioner, Vance was originally found eligible for benefits but temporarily disqualified from receiving such benefits because of his alleged refusal, without good cause, to accept suitable employment. The appellant asserts that by the time he received notice of the deputy's decision he had obtained employment elsewhere and, therefore, failed to appeal the decision. Vance was soon laid off again and he began receiving regular benefits.

In late 1982, upon exhaustion of their regular unemployment compensation benefits, all of the appellants applied for ex-

tended benefits under the provisions of chapter 21A, article 6A of the West Virginia Code. Pursuant to *W. Va. Code,* 21A–6A–1(12)(G) [1982], however, they were all declared ineligible for extended benefits due to their previous disqualifications for misconduct and failure to accept suitable employment.[*] The appellants appealed the deputies' decisions of ineligibility for extended benefits. The decisions, however, were affirmed at all levels of administrative appeal in the Department of Employment Security and, finally, by the Circuit Court of Kanawha County.

The appellants challenge the sufficiency of the notices they received informing them of the original deputy commissioners' decisions that they were disqualified from regular unemployment compensation benefits. The appellants contend that they were denied their statutory and constitutional rights of notice and due process when the notices of disqualification did not inform them that the finality of the deputies' decisions, that is, the failure of the appellants to appeal, could result in future ineligibility for extended benefits. The appellants assert that such notices must contain sufficient information to apprise claimants, employers and other interested parties of the consequences of a deputy's determination so these parties may make an informed decision concerning appeal. The appellants in the actions before us all assert that they disagreed with the deputies' decisions of disqualification and had they known of the potential ineligibility for extended benefits they would have contested the decisions on appeal. According to the appellants, it was primarily for reasons of convenience and economics that they did not appeal the decisions within the prescribed statutory period.

It is uncontested by the parties that the notices received by the appellants with regard to their disqualifications from regular

---

[*] *W. Va. Code,* 21A–6A–1(12)(G) [1982], provides:

An individual shall not be eligible to receive extended benefits with respect to any week of unemployment in his eligibility period if such individual has been disqualified for regular benefits under this chapter because he or she voluntarily left work, was discharged for mis-

conduct or refused an offer of suitable work unless the disqualification imposed for such reasons has been terminated in accordance with specific conditions established under this subdivision requiring the individual to perform service for remuneration subsequent to the date of such disqualification.

benefits did not specifically inform them that such disqualifications could render them ineligible for extended benefits in the future. The questioned notices are forms wherein the appellants were advised of their rights to appeal the deputies' decisions and the deadlines by which such appeals were to be filed. On the back of the notice form received by Vance is a section entitled "Appeal Rights" which states in small print:

> This decision is final unless the claimant or the employer appeals in writing, by mail or in person, within eight calendar days from the date the decision was made.
>
> Assistance in filing an appeal may be obtained in the office where a claim is filed. An appeal may be filed on a form available in the claims office or itinerant point, or by sending a letter to the office where the claim was filed. The date of a request for appeal filed by mail is the post-mark date.

The appellees contend that this and other similar information received by the parties was sufficient to inform the appellants of their rights with respect to appeal. We disagree.

■ It should first be noted that the issue before us involves a conclusion of law on the part of the Board of Review of the West Virginia Department of Employment Security. As this Court held in syllabus point 1 of *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821 (1981):

> Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the Board of Review.

*W. Va. Code*, 21A-7-8 [1978], embodies the statutory notice rights of claimants, employers and other interested parties who have been aggrieved by a decision of a deputy commissioner concerning unemployment compensation benefits. That statute provides, in pertinent part, as follows:

A claimant, last employer or other interested party, may file an appeal from the decision of the deputy within eight calendar days after notice of the decision has been delivered or mailed to the claimant and last employer as provided in section four of this article. The period within which an appeal from the decision of the deputy may be filed shall be stated in such notice. The decision of the deputy shall be final and benefits shall be paid or denied in accordance therewith unless an appeal is filed within such time.

Upon appeal from the determination of a deputy, an individual shall be entitled to a fair hearing and reasonable opportunity to be heard before an appeal tribunal as provided in section seven of this article.

In *Ottenheimer Publishers, Inc. v. Employment Security Administration*, 275 Md. 514, 340 A.2d 701 (1975), a part-time employee was discharged from her employment because she refused to work full time as requested. Upon application for unemployment compensation benefits, the employer and employee were both sent notices that the employee was disqualified from receiving benefits because, *inter alia*, she had refused available work and had received severance pay. The employer subsequently received notice that two payments of benefits had been made to the employee and charged to the employer's account. The employer protested but was informed that the original notice had only disqualified the employee for a limited period of time after which she would be eligible for unemployment compensation benefits. There was a sentence to that effect in the questioned notice of the employee's disqualification.

The Court of Appeals of Maryland held in *Ottenheimer Publishers, Inc.* that the initial notice received by the employer violated statutory notice standards because it was ambiguous to the extent that it did not "clearly" inform the employer that benefits could be paid to the employee at a future time. Based upon statutory notice requirements similar to *W. Va. Code*, 21A-7-8 [1978], the court in *Ottenheimer Publishers, Inc.* stated: "It is clear that the pur-

pose of the notice required by the statute is to inform the parties of whether or not benefits are to be paid, and to provide sufficient information so that they may decide if an appeal is in their interest." 275 Md. at 519, 340 A.2d at 704.

See also *Schulte v. Transportation Unlimited, Inc.*, 354 N.W.2d 830 (Minn.1984) wherein the Supreme Court of Minnesota held in the syllabus:

A notice to a discharged worker informing him that his new employer had appealed a determination of the worker's eligibility for unemployment compensation violated due process protections when it failed to apprise the employee that he could be liable for benefits previously paid and any repayment required would be charged against future unemployment compensation claims.

The court in *Schulte* relied upon the principle that constitutional due process includes being informed of the possible consequences of governmental action. The court stated that "[w]ithout knowing the specific consequences of proposed governmental action, a person cannot make an informed choice." 354 N.W.2d at 833.

■ It is unnecessary for us to reach the constitutional due process issue inasmuch as the notice provisions of *W.Va.Code*, 21A–7–8 [1978], which provisions entitle an individual aggrieved by a decision of a deputy commissioner of the West Virginia Department of Employment Security, *inter alia*, "to a fair hearing and reasonable opportunity to be heard before an appeal tribunal ...," require that such individual be informed of the specific consequences of a deputy's determination in order to make an informed decision concerning appeal. *See* syl. pt. 5, *In re: Tax Assessments Against Pocahontas Land Corp.*, 158 W.Va. 229, 210 S.E.2d 641 (1974); *State ex rel. Hinkle v. Skeen*, 138 W.Va. 116, 124, 75 S.E.2d 223, 227, *cert. denied*, 345 U.S. 967, 73 S.Ct. 954, 97 L.Ed. 1385 (1953). We agree with the court in *Ottenheimer Publishers, Inc., supra*, when it emphasized "that administrative agencies 'must observe the basic rules of fairness as to parties appearing before them.' (citations omitted). Even if there were no specific statutory requirement of notice, this principle would seem to require that adequate notice and opportunity to be heard be afforded in a case such as this." 275 Md. at 520, 340 A.2d at 704–05.

With regard to the cases now before us we hold that a notice of the decision of a deputy commissioner of the West Virginia Department of Employment Security regarding the disqualification of a claimant from receiving regular unemployment compensation benefits that fails to inform the claimant that such disqualification could render him ineligible for extended benefits under chapter 21A, article 6A of the West Virginia Code violates the notice requirements of *W.Va.Code*, 21A–7–8 [1978], which statute entitles the claimant, *inter alia*, "to a fair hearing and reasonable opportunity to be heard before an appeal tribunal...."

Based upon the foregoing, the final orders of the Circuit Court of Kanawha County are hereby reversed and, for the purpose of becoming eligible for extended benefits under chapter 21A, article 6A of the West Virginia Code, these cases are remanded for further proceedings consistent with the principles set forth in this opinion.

Reversed and remanded.