468 S.E.2d 923

### The RALEIGH COUNTY BOARD OF EDUCATION, Petitioner,

v.

### Cathy S. GATSON, Clerk of the Circuit Court of Kanawha County, the Board of Review of the Department of Employment Security, and Alfred J. Alderman, Jr., Respondents.

No. 23074.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 16, 1996.

Decided March 1, 1996.

Erwin L. Conrad, Conrad Law Offices, Fayetteville, for Petitioner.

John Everett Roush, West Virginia School Service Personnel Association, Charleston, for Respondent, Alfred J. Alderman, Jr.

PER CURIAM:

This unemployment compensation case is before this Court upon a writ of certiorari from the final order of the Circuit Court of Kanawha County, West Virginia, entered on May 2, 1995. *W.Va.Code*, 21A–7–27 [1970]. The petitioner, the Raleigh County Board of Education (hereinafter "Board of Education"), challenges a determination by the circuit court that the respondent, Alfred J. Alderman, Jr., is entitled to benefits with regard to summer employment in 1992. This Court has before it the petition for a writ of certiorari, all matters of record and the briefs and argument of counsel. For the reasons expressed below, the final order of the circuit court is reversed, and this case is remanded to that court for further proceedings.

I

The respondent was employed for several years by the Board of Education as a custodian. Specifically, the respondent worked ten and one-half months per year, during the regular academic year, and was classified under the statutory scheme concerning school personnel as a "Custodian III." Pursuant to *W.Va.Code*, 18A–4–8 [1991], then in effect, the duties of such employment included keeping school buildings clean and free of refuse, operating heating and cooling systems and making minor repairs. The respondent was so employed in 1992 and, in particular, was assured of that employment for the 1992–1993 academic year.

The controversy concerns the 1992 summer break. The respondent testified that in previous summers he had been employed by the Board of Education as a member of a paint crew. However, no such employment was offered to the respondent, or any other person, with regard to the 1992 summer break. It should be noted that "Custodian III" and "Painter" are separately defined in *W.Va.Code*, 18A–4–8 [1991]. Pursuant to that statute, the duties of a "Painter" include the "painting, finishing and decorating of wood, metal and concrete surfaces of buildings, other structures, equipment, machinery and furnishings of a county school system." Those statutory distinctions notwithstanding, the record is clear that the respondent had neither a written contract for painting work for the 1992 summer break nor any statements or assurances by the Board of Education that such work would be available.

In June 1992, the respondent filed a claim for unemployment compensation benefits with regard to the 1992 summer break, asserting that he had been separated from employment as a paint crew employee. By decision dated July 1, 1992, however, the Deputy of the West Virginia Department of Employment Security held the respondent to be disqualified under *W.Va.Code*, 21A–6–15(2)(b) [1987], from receiving benefits. The provisions of *W.Va.Code*, 21A–6–15(2)(b) [1987], concern the payment of unemployment compensation benefits to employees of educational institutions. As set forth in that statute, benefits shall not be paid:

> to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms[.]

In determining the respondent to be disqualified from receiving unemployment compensation benefits, the Deputy emphasized the fact that the respondent was assured of employment as a custodian for the 1992–1993 academic year.

Thereafter, an evidentiary hearing was conducted by an administrative law judge, and on August 4, 1992, the administrative law judge affirmed the Deputy's decision. In January 1993, however, the Board of Review of the Department of Employment Security, reversed and held the respondent to be entitled to unemployment compensation benefits.

The Board of Review reasoned that, inasmuch as the respondent had received painting work in previous summers, but no such work for 1992, the respondent was "in effect laid off" from his employment and, thus, entitled to benefits. The decision of the Board of Review was affirmed by the Circuit Court of Kanawha County, and this appeal followed.

## II

This Court has recognized that West Virginia's statutory eligibility and disqualification provisions concerning the receipt of unemployment compensation benefits constitute a two-step process. When an individual is held to be eligible to receive such benefits, the next step is to consider whether the individual is disqualified. *Lough v. Cole,* 172 W.Va. 730, 732, 310 S.E.2d 491, 493 (1983); *Kisamore v. Rutledge,* 166 W.Va. 675, 680, 276 S.E.2d 821, 824 (1981). Here, the respondent has been determined to be eligible to receive unemployment compensation benefits at every level of the proceedings, and the Board of Education does not contest that determination. Rather, the sole issue concerns disqualification under *W.Va.Code,* 21A–6–15(2)(b) [1987].

Moreover, in syllabus point 3 of *Adkins v. Gatson,* 192 W.Va. 561, 453 S.E.2d 395 (1994), we stated:

The findings of fact of the Board of Review of the West Virginia Department of Employment Security are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo.*

Syl. pt. 3, *Smittle v. Gatson,* 195 W.Va. 416, 465 S.E.2d 873 (1995); *Philyaw v. Gatson,* 195 W.Va. 474, 476, 466 S.E.2d 133, 135 (1995); syl. pt. 1, *Davis v. Gatson,* 195 W.Va. 143, 464 S.E.2d 785 (1995). *See also W.Va. Code,* 21A–7–21 [1943] (findings by the Board of Review shall have like weight to that

accorded the findings of a trial chancellor or judge in equity procedure); syl. pt. 2, *Wolford v. Gatson,* 182 W.Va. 674, 391 S.E.2d 364 (1990); syl. pt. 3, *Curry v. Gatson,* 180 W.Va. 272, 376 S.E.2d 166 (1988); syl. pt. 2, *Ash v. Rutledge,* 176 W.Va. 727, 348 S.E.2d 442 (1986); syl. pt. 1, *Butler v. Rutledge,* 174 W.Va. 752, 329 S.E.2d 118 (1985); syl. pt. 1, *Mizell v. Rutledge,* 174 W.Va. 639, 328 S.E.2d 514 (1985); syl. pt. 2, *Perfin v. Cole,* 174 W.Va. 417, 327 S.E.2d 396 (1985); syl. pt. 1, *Kisamore, supra.*

The circumstances of *Adkins, supra,* are identical to the circumstances now before us, and our decision in *Adkins* is dispositive herein. *Adkins* involved a school bus driver employed by the Raleigh County Board of Education who sought work upon the paint crew during the 1992 summer break in the academic year. As in this case, the bus driver had been so employed in previous summers. Following the decision of the Board of Education not to hire a paint crew for the 1992 summer break, the bus driver filed a claim for unemployment compensation benefits.

The issue before this Court in *Adkins* was whether the language of *W.Va.Code,* 21A–6–15(2)(b) [1987], set forth above, disqualified the bus driver from receiving unemployment compensation benefits. In affirming the denial of those benefits by the circuit court, we held, in *Adkins,* in syllabus point 2:

Service personnel employed by an educational institution, who hold a second and separate contract covering the period between two successive academic terms, and who are not reemployed for a consecutive period under the second contract, may escape the prohibitions in W.Va.Code, 21A–6–15(2)(b) (1987), and, thus, be entitled to unemployment compensation benefits. To come within this exception, however, the claimant must prove the existence of an explicit and valid contract or some other definite behavior of the employer establishing a continuing contractual relationship.

In particular, this Court noted in *Adkins* the absence of a written contract between

the bus driver and the Board of Education with respect to the 1992 summer break. As we observed, the absence of such a written contract was noteworthy in view of the highly regulated nature of the employment relationships of school employees. Nor did the record in *Adkins* contain any evidence of statements or assurances by the Board of Education which could be construed as establishing a contractual relationship. As stated in the *Adkins* opinion:

> We hold that the appellant has failed to establish a continuing employment contract under any theory that would qualify as an exception to the statute. The appellant does not claim that the Board of Education made any specific promises or that she acted to her detriment in relying on any understanding with the Board of Education in reference to continued employment for summer work. Additionally, there is no evidence that there was any kind of employee handbook or other written materials that would reasonably suggest that employment for one summer guaranteed employment for succeeding years. The absence of a promise or written materials suggests that any summertime employment arrangement prior to the summer of 1992 could not be the basis for any reasonable expectation establishing a continuing relationship. Thus, the Board of Education's failure to rehire the appellant for her desired summer job in 1992 does not remove the appellant from the statutory restrictions.

192 W.Va. at 567, 453 S.E.2d at 401. *See also* Patricia C. Kussman, Annotation, *Right to Unemployment Compensation or Social Security Benefits of Teacher or Other School Employee,* 33 A.L.R.5th 643 (1995); John C. Williams, Annotation, *Part–Time or Intermittent Workers as Covered By or as Eligible for Benefits Under State Unemployment Compensation Act,* 95 A.L.R.3d 891 (1979).

Here, the Board of Education's reliance upon the *Adkins* decision is well founded.

Moreover, counsel for the respondent during oral argument before this Court acknowledged the similarity between *Adkins* and the circumstances of this case. As in *Adkins,* the respondent herein had neither a written contract for painting work for the 1992 summer break nor any statements or assurances by the Board of Education that such work would be available or that any continuing contractual relationship for the summer work existed between the parties. As the Board of Education indicated, the respondent failed to show any definite behavior by the Board establishing a continuing contractual relationship. Syl. pt. 2, *Adkins, supra.*

Noting that the issue in *Adkins* was of mixed law and fact, we acknowledged in that case that *W.Va.Code,* 21A–6–15(2)(b) [1987], is "designed to prevent individuals who are employed for less than the full twelve-month calendar year from gaining unemployment compensation benefits during the months that they are not required to work." 192 W.Va. at 566, 453 S.E.2d at 400. Consequently, inasmuch as the respondent has failed to establish a separate contract concerning the 1992 summer break, no exception to *W.Va.Code,* 21A–6–15(2)(b) [1987], has been shown, and that statute is controlling. In every view of this case, therefore, factually as well as under the restriction of *W.Va. Code,* 21A–6–15(2)(b) [1987], the respondent is disqualified from receiving unemployment compensation benefits.*

Accordingly, the final order of the Circuit Court of Kanawha County is reversed, and this case is remanded to the circuit court for the entry of an order disqualifying the respondent from receiving unemployment compensation benefits with regard to the 1992 summer break.

Reversed and remanded.

---

\* It should be noted that the parties herein did not fully explain the authority of the Raleigh County Board of Education for hiring workers such as are involved in this case. As in *Adkins,* however, we need not definitively or preemptively address that issue of school law in these circumstances. Rather, this case and the *Adkins* case are controlled by principles of unemployment compensation law.