496 S.E.2d 181

## OHIO VALLEY MEDICAL CENTER, INC., Plaintiff Below, Appellant,

v.

Cathy S. GATSON, Clerk of the Circuit Court of Kanawha County; The Board of Review of the West Virginia Department of Employment Security; James G. Dillon, Chairman; Phyllis Carter and G. Charles Hughes, Members; Andrew N. Richardson, Commissioner of the West Virginia Department of Employment Security; and Debra J. Frazier, Claimant, Defendants Below, Appellees.

No. 23995.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1997.

Decided Oct. 3, 1997.

Elba Gillenwater, Jr., Seibert & Kasserman, Wheeling, Jacqueline A. Koscelnik, Scott E. Gardner, DeForest & Koscelnik, Pittsburgh, PA, for the Appellant.

Randall Elkins, Charleston, for the Appellee Board of Review of the Department of Employment Security.

PER CURIAM:

This unemployment compensation case is before this Court upon a writ of certiorari from the final order of the Circuit Court of Kanawha County, West Virginia, entered on May 16, 1996. The appellant, Ohio Valley Medical Center, Inc., challenges the ruling of the circuit court upholding an administrative determination that the appellee, Debra J. Frazier, is entitled to benefits because she was compelled to leave her employment as a result of work-related stress. According to the appellant, the circuit court's ruling constitutes error because the appellee failed to present the required certification from a licensed physician to the effect that her stress was related to her work and, in any event, failed to sufficiently establish that stress compelled her to leave her employment.

This Court has before it the petition for a writ of certiorari, all matters of record and the brief and argument of counsel for the appellant. It should be noted that no brief has been filed with this Court by the appellee. Nevertheless, upon a thorough examination of the record and relevant authorities, this Court is of the opinion that the appellant's grounds for relief are meritorious. Accordingly, we reverse the final order and conclude that the appellee is disqualified from receiving unemployment compensation benefits.

I

The appellee began working for the appellant in 1979 in the housekeeping department. Thereafter, she worked for the appellant in the laundry department and ultimately became a nursing assistant, a position she held at the time of her resignation. In January 1995, prior to her resignation, the appellee entered into stress counseling through an employee assistance program provided by the appellant. The counseling was conducted by a social worker. The appellee terminated the counseling, however, in July 1995.

On August 25, 1995, the appellee resigned from her employment without notice and without stating a reason. The appellee later testified that she left her job because of stress, which included a belief that she had not been treated fairly on the job and that she thought she was "being watched all the time." Importantly, however, it is undisputed that the appellee never saw a physician concerning stress and never requested a leave of absence from work on account of stress. Nor was the appellee ever hospitalized for a stress related problem. Moreover, with regard to the appellee's belief that she had been treated unfairly, the record reveals no significant disciplinary problems concerning the appellee's employment with the appellant, reveals that the appellee never sought a change in her duties while working for the appellant and never utilized the appellant's internal grievance procedure.

Following her resignation, the appellee filed a claim for unemployment compensation benefits. By decision dated September 20, 1995, however, the Deputy of the West Virginia Department of Employment Security ruled that, though eligible to receive such benefits, the appellee was disqualified because she failed to present the required certification from a licensed physician to the effect that her stress was related to her work. As *W. Va.Code*, 21A–6–3(1) [1990], provides:

Upon the determination of the facts by the commissioner, an individual shall be disqualified for benefits:

(1) For the week in which he left his most recent work voluntarily without good cause involving fault on the part of the employer[.] ... Further, for the purpose of this subdivision, an individual shall not be deemed to have left his most recent work voluntarily without good cause involving fault on the part of the employer, if such individual was compelled to leave his work for his own health-related reasons and presents certification from a licensed physician that his work aggravated, worsened, or will worsen the individual's health problem.

Upon the appellee's challenge to that ruling, a hearing was conducted by an administrative law judge. During the hearing, the appellee submitted a letter indicating that she had received counseling for work-related stress.[1] Concluding that stress compelled the appellee to leave her employment, the administrative law judge held that the appellee was entitled to unemployment compensation benefits. By decision dated December 1, 1995, the Board of Review of the West Virginia Department of Employment Security upheld the ruling of the administrative law judge.

---

1. The letter from the social worker who conducted the appellee's stress counseling stated in its entirety:

Deb Frazier was seen for outpatient therapy sessions through Northwood Health Systems. Some of our session content did include her discussion of problems and stress in her workplace. There was reported conflict between Deb and her supervisor, as well as some other co-workers.

Deb worked on some stress reduction methods and problem-solving skills, as part of her treatment. Deb did leave treatment of her own volition.

I hope this information is helpful in making needed decisions regarding benefits.

The decision of the Board of Review was affirmed by the circuit court, pursuant to the final order of May 16, 1996. In particular, recognizing that the appellee "did not produce certification from a licensed physician that she was compelled to quit work because of stress," the circuit court concluded that the appellee, nevertheless, did produce evidence that such was the case. The petition to this Court for a writ of certiorari followed. *W. Va.Code*, 21A–7–27 [1970].

## II

█ This Court has recognized that West Virginia's statutory eligibility and disqualification provisions concerning the receipt of unemployment compensation benefits constitute a two-step process. When an individual is held to be eligible to receive such benefits, the next step is to consider whether the individual is disqualified. *Lough v. Cole*, 172 W.Va. 730, 732, 310 S.E.2d 491, 493 (1983); *Kisamore v. Rutledge*, 166 W.Va. 675, 680, 276 S.E.2d 821, 824 (1981). Here, the appellee has been determined to be eligible to receive unemployment compensation benefits at every level of the proceedings, and the appellant does not contest that determination. Rather, the sole issue concerns disqualification under *W. Va.Code*, 21A–6–3(1) [1990].

█ Moreover, in syllabus point 3 of *Adkins v. Gatson*, 192 W.Va. 561, 453 S.E.2d 395 (1994), this Court stated:

The findings of fact of the Board of Review of the West Virginia Department of Employment Security are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. pt. 1, *Metropolitan Life Insurance Co. v. Gatson*, 200 W.Va. 656, 490 S.E.2d 743 (1997); syl. pt. 1, *Raleigh County Board of Education v. Gatson*, 196 W.Va. 137, 468 S.E.2d 923 (1996); syl. pt. 3, *Smittle v. Gatson*, 195 W.Va. 416, 465 S.E.2d 873 (1995); syl. pt. 1, *Davis v. Gatson*, 195 W.Va. 143, 464 S.E.2d 785 (1995). *See also W. Va.Code*, 21A–7–21 [1943] (findings by the Board of Review shall have like weight to that accorded the findings of a trial chancellor or judge in equity procedure).

█ In the case now before this Court, the appellant asserts that the appellee failed to sufficiently establish that stress compelled her to leave her employment. Even under the clearly wrong standard of *Adkins v. Gatson, supra*, that assertion is persuasive, particularly in view of the ambiguous nature of the letter from the social worker indicating (1) no specific diagnosis of a health problem, (2) that only "some" of the sessions concerned stress in the appellee's workplace and (3) that the appellee terminated the counseling "of her own volition." *See* n. 1, *supra*. We need not address that issue further, however, because this Court is of the opinion that the appellee's failure to present the required certification from a licensed physician, to the effect that her stress was related to her work, is dispositive. In that context, the issue before this Court is purely a question of law and, as such, is to be reviewed *de novo*.

As set forth above, *W. Va.Code*, 21A–6–3(1) [1990], provides that an individual shall not be deemed to have left his or her most recent work voluntarily without good cause involving fault on the part of the employer, "if such individual was compelled to leave his work for his own health-related reasons *and presents certification from a licensed physician that his work aggravated, worsened, or will worsen the individual's health problem.*" (emphasis added). The requirement of certification from a licensed physician, added to *W. Va.Code*, 21A–6–3(1), by the West Virginia Legislature in 1988, was discussed by this Court in *Lewis v. Gatson*, 181 W.Va. 214, 382 S.E.2d 51 (1989).

In *Lewis*, a claimant for unemployment compensation benefits resigned from his work as an industrial plant supervisor because of mental stress and depression. Although the claimant had previously been hospitalized for a nervous breakdown, he did not submit a physician's report concerning his claim for benefits. Nevertheless, concluding that the claimant had submitted sufficient evidence connecting his health-related problem to his employment, this Court, in *Lewis*,

upheld an award of benefits. Importantly, however, the circumstances in *Lewis* arose *prior* to the 1988 amendment of *W. Va.Code,* 21A–6–3(1). Consequently, the opinion, in *Lewis,* observes:

> We recognize that after this case arose, the legislature amended W. Va.Code, 21A–6–3, to require that a person who leaves for health reasons must present 'certification from a licensed physician that his work aggravated, worsened, or will worsen the individual's health problem.' ... Thus, in view of the statutory amendment, the result in this case is limited.

181 W.Va. at 218, 382 S.E.2d at 55.

Here, it is undisputed that the appellee never saw a physician concerning stress and never requested a leave of absence from work on account of stress. Nor was the appellee ever hospitalized for a stress related problem. As the appellant's petition for a writ of certiorari states:

> Had the legislature in 1988 been satisfied with the then existing state of the law, it could have done nothing. Instead, it amended § 21A–6–3(1) to expressly provide for leaving employment for health-related reasons, with the requirement that a licensed physician certify the nexus between the health problem and the employee's work—a requirement that did not exist in the prior decisional law.

In this case, the appellee failed to present a certification from a licensed physician, as required by *W. Va.Code,* 21A–6–3(1) [1990], to the effect that her stress was related to her work. Clearly, the letter from the social worker did not satisfy that requirement. As this Court stated in syllabus point 1 of *State ex rel. Fox v. Board of Trustees,* 148 W.Va. 369, 135 S.E.2d 262 (1964), *overruled on other grounds by Booth v. Sims,* 193 W.Va. 323, 456 S.E.2d 167 (1995): "When a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." *Davenport v. Gatson,* 192 W.Va. 117, 119, 451 S.E.2d 57, 59 (1994).

Upon all of the above, therefore, the final order of the Circuit Court of Kanawha County, entered on May 16, 1996, is reversed, and this case is remanded to that court for the entry of an order disqualifying the appellee from receiving unemployment compensation benefits.

Reversed and remanded.